7  143<br>47 1283

## JOHN McDONOGH et al. *v.* RICE GARLAND et al.

The notice to be given to the debtor, of the seizure of property under execution, is no part of the proceedings which a purchaser at sheriff's sale is bound to heed or examine. It is for the benefit of the debtor in execution *exclusively*, and may be waived by him without prejudicing the rights of a purchaser, or vitiating his title.

The object of notice to the debtor is, to apprise him what property the sheriff takes in execution, and of which he claims to take possession by virtue of the seizure.

APPEAL from the District Court of the Parish of Concordia, *Farrar*, J. *Stocton* and *Steele*, for plaintiffs. *D. S. Stacy*, for defendants. *Shaw*, for warrantor. By the court:*

EUSTIS, C. J. The late *John McDonogh* and *Geo. T. Williams & Co.*, of New Orleans, instituted this action, having for its object the annulling of a sheriff's sale of a tract of land in the parish of Concordia, and having it resold for their benefit. *McDonogh* was a mortgage creditor, and *Williams & Co.* were judgment creditors, of *Rice Garland*. The sheriff's sale was under an execution issued on a judgment against the debtor, rendered and recorded prior to the plaintiffs' mortgages.

---

*\*Judge Rost took no part in this decision, having a remote interest.*

The judgment of the district court was in favor of the purchaser at sheriff's sale, and the plaintiffs have appealed.

In 1846, the Bank of Louisiana issued an execution on a judgment against *Garland* and *Swayze*, directed to the sheriff of the parish of Concordia. Under this execution the sheriff seized *Garland's* interest in the Bringier tract, as it is called, and advertised it for sale. It was appraised at $8000, and two-thirds of the amount of the appraisement not having been bid, it was re-advertised for sale, on a credit of twelve months, and, at this second offering, *D. S. Stacy* became the purchaser, for $4500, which he paid.

The question upon which it is understood this case turns, and the only one which has been argued before us, relates to the alleged want of any legal and sufficient notice of the seizure, under the execution, to *Rice Garland*, the judgment debtor.

The fact is, that notice of the seizure was given by the sheriff to *T. W. Curry*, who was an agent of *Garland* for the management and sale of the land, but whose authority to receive notice is not established. It is alleged in the plaintiffs' petition, that *Garland*, on the 15th of January, 1846, gave a power of attorney to *William H. Garland* and *Wm. C. Hamner*, of New Orleans, authorizing each of them to represent him in all suits at law. And it appears that, by said procuration, the said agents had, each of them, besides the most general powers, special authority to " defend suits to judgment, execution, and satisfaction," and to accept notices in suits and legal proceedings.

It further appears, that *Hamner* attended the sheriff's sale, and endeavored to ascertain from the agent of *Stacy*, who made the purchase, what he would take in advance on his bid.

It also appears, that *Rice Garland* appears by attorney in this suit and denies the allegations in the plaintiffs' petition. One of those allegations is, that no notice of the seizure was ever given to the said *Garland*.

It seems, therefore, as far as *Garland* is concerned, he made no question as to the sufficiency of the notice; nor, under this state of facts, could he be permitted to call it in question in a court of justice. He maintains the validity of the sale ; no collusion is alleged between him and the purchaser, or the plaintiff in execution, or between either of them; and we are at loss for any adequate ground on which the sale can be set aside on account of the notice.

We have never understood that the notice to be given to the debtor of the seizure of property under execution, was a part of the proceedings which a purchaser at sheriff's sale was bound to heed or examine. It is for the benefit of the debtor in execution *exclusively*, and may be waived by him without prejudicing the rights of a purchaser or vitiating his title. *Hewitt* v. *Stephens*, 5th Ann. 640. *Lewis* v. *Gordy*, Ib. 570.

The object of the notice to the debtor, is to apprise him what property the sheriff takes in execution, and of which he claims to take possession by virtue of the seizure. Code of Practice, 654, and preceding articles.

The judgment of the district court is therefore affirmed, with costs.