FOURNET, Justice.
 

 Upon the application of relatrix, we granted a writ of certiorari to review the judgment of the Court of Appeal, First Circuit, affirming the judgment of the Thirteenth judicial district court wherein exceptions of no right or cause of action were sustained and relatrix’ suit against respondents, Dr. Charles F. Boagni, and Hervin Joseph Bergeron, to set aside a sheriff’s sale provoked under the foreclosure of a mortgage granted by relatrix on her property in favor of Dr. Boagni to whom the property was adjudicated at the sheriff’s sale and a sale by him to Berger-on to whom he subsequently sold the same property, was dismissed. 166 So. 898.
 

 Relator’s action is based on two grounds of nullity: First, that in the foreclosure proceedings instituted by Dr. Boagni against her, she was served with a notice of seizure, which also contained the notice that the sale of the property seized would take place on January 25, 1933, whereas the property was actually sold on February 25, 1933; and that, second, the property seized was not advertised for sale for the full time required by law.
 

 The second ground of attack was not supported by the evidence and has been abandoned by relatrix.
 

 It is conceded by counsel for relator that the provisions of article 654 of the Code of Practice, requiring that the debt- or be served with a notice of seizure, does not require that the notice specify the place nor the time of the sale.
 

 There is no allegation of fraud or bad faith on the part of the respondents or of the sheriff in relatrix’ petition, but it is her contention that she was served with a notice of seizure by the sheriff of the parish of Acadia, where she resided, of the sale of her property situated in the parish of St. Landry, where the sale was made, that the sale would take place on January 25, 1933, when in fact and in truth the property was advertised and sold on the 25th of February, 1933, and having relied, to her detriment, on the correctness of this statement, the foreclosing creditor and his vendee are estopped from contending that she was given constructive notice of the real date of the advertisement.
 

 
 *797
 
 It is contended by counsel for respondents that in the case at bar the adjudication to Dr. Boagni was preceded by all the requisite formalities prescribed by the Code of Practice, and that the information contained in the notice of seizure of the place and date of the sale was mere surplusage, and consequently does not affect the validity of the sale.
 

 We are informed by counsel for relatrix that “under the facts the case is one for which there is no precedent in our jurisprudence,” and ask us to invoke the equitable principles embodied in article 21 of the Civil Code to the effect that where positive law is silent on a subject, the court should decide according to natural law and reason, or received usages.
 

 The Legislature carefully prescribed the procedure for selling property under foreclosure, and the law requiring that notice be given to the debtor of the property seized, is for his exclusive benefit, and the object thereof “is to apprise him what property the sheriff takes in execution, and of which he claims to take possession by virtue of the seizure.” John McDonogh et al. v. Rice Garland et al., 7 La.Ann. 143.
 

 This court, in the case of John E. Hewitt v. C. S. Stephens, 5 La.Ann. 640, decided in 1850, said:
 

 “The Legislature have passed many laws to cure the
 
 immaterial informalities
 
 by means of which defendants actually endeavor to set aside judicial sales after all the trouble, expense and delays by which plaintiffs enforce their rights; and we Uilnk it the duty of courts to yield to the evident inclination of legislative wisdom on this subject, and, if possible, to render the proceedings of courts and their officers effectual and not nugatory.” (Italics ours.)
 

 The lawmakers, in attempting to minimize the attacks upon judicial sales, incorporated article 695 of the Code of Practice, which reads:
 

 “This act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford the proof of it. Consequently, if the sheriff has omitted any of the formalities above prescribed,
 
 the adjudication shall not be void on that account, if it otherwise appear that it was made by virtue of a legal authority, and with all the forms requisite for its validity.”
 
 (Italics ours.)
 

 In the case of Chase v. New Orleans Gas Light Co., 45 La.Ann. 300, 12 So. 308, 310, the plaintiff sought to have a certain sale declared null on the ground that the notice of demand was signed by the sheriff instead of by the clerk of court, and this court, after discussing the jurisprudence on that subject, held:
 

 “These decisions have settled the question. The
 
 informality
 
 is cured by the sale, preceded by the required advertisement, notice of seizure, and other .formalities.” (Italics ours.)
 

 The Supreme Court of the United States, in the case of Lydia A. Bacon v. Northwestern Mutual Life Insurance Company, 131 U.S. 258, 9 S.Ct. 787, 790, 33 L.Ed. 128, in considering an attack made on a judicial sale on the ground that the notice under which the sale was made,
 
 *799
 
 was illegal, quoted approvingly from the opinion of the Michigan Supreme Court in the case of Reading v. Waterman, 46 Mich. 107, 8 N.W. 691, as follows:
 

 "The statutes were intended to prevent surprise or unfairness, and they should be enforced in everything substantial.
 
 Courts cannot disregard any of their positive provisions. But on the other hand,
 
 those provisions cannot be enlarged or unreasonably construed, so as to render mortgage sales unsafe, or to make bidding hazardous.
 
 The law was designed to encourage and not to destroy recourse to these simple and cheap remedies; and, while no substantial right should be disregarded,
 
 substantial regularity is all that should be held imperative.”
 
 (Italics ours.)
 

 We conclude that the debtor was apprised of what property the sheriff had taken in his possession by virtue of the seizure and which he proposed to sell to satisfy the writ, and the fact that there was included in the notice of seizure the time and place of the sale was an immaterial informality. Relatrix was not thereby deprived of any of the substantial requisites of the law relative to forced alienations. Therefore, considering the allegations of the petition of relatrix to be correct, it discloses no right or cause of action.
 

 For the reasons assigned, the writ herein issued is recalled; the application of relatrix is denied, and the judgment of the Court of Appeal, sustaining the exceptions of no right or cause of action, is affirmed at relatrix’ cost.
 

 O’NIELL, C. J., concurs in the decree.