No. 4015

Second Circuit

AUSTIN v. CURRIE, SHERIFF, ET AL.

(May 20, 1931. Opinion and Decree.)

J. Rush Wimberly, of Arcadia, attorney for plaintiff, appellee.

Goff & Goff, of Arcadia, attorneys for defendants, appellants.

McGREGOR, J. On March 23, 1929, Arcadia Lumber Company filed a suit for $372.23, with interest and attorney's fees against J. R. Austin, the plaintiff in the present suit. Judgment was rendered for the amount prayed for, and the defendant took a devolutive appeal to this court, which affirmed the judgment of the lower court. While the case was pending on appeal and before it was decided, Arcadia Lumber Company secured a writ of fieri facias, had some property seized by the sheriff and it was being advertised for sale on July 12, 1930. The notice of seizure required by article 654 of the Code of Practice was dated and served on May 27, 1930. In connection with this notice of seizure there was also delivered on the same date the notice to appoint an appraiser, required by article 671 of the Code of Practice. Under the law the notice of seizure is not required to designate the date of the sale of the property and in this instance it simply stated that certain described real estate had been seized under and by virtue of a writ of execution and would be sold to satisfy said writ and costs. Under article 655 of the Code of Practice it is necessary that at least three days shall elapse after the notice of seizure before the beginning of the advertisement of the property for sale. In this case the sheriff immediately, on May 27, 1930, advertised the property for sale on July 5, 1930. It was discovered at once by the sheriff that it was an error to start this advertisement on May 27, the same day that the notice of seizure had been dated and served, and consequently the advertisement was cancelled and redated and

republished on June 5, 1930, with the date of sale fixed for July 12, 1930. The notice to appoint an appraiser was dated and served May 27, 1930, and the date named for the appraisement was July 5, 1930, at 10 o'clock a. m. When the new advertisement was inserted in the paper and a new date set for the sale, no new notice to appoint an appraiser was served.

On July 12, 1930, the date set for the sale, the defendant in execution and plaintiff in this case, applied for and secured an order from the judge of the court ordering the plaintiff in execution and the sheriff of Bienville parish to show cause on July 22, 1930, why a preliminary injunction should not issue, enjoining, restraining and prohibiting them from further proceeding with the sale of the property seized. Since the rule was not sued for until the morning of the day on which the sale was to take place, a temporary restraining order was granted, which stopped the sale as advertised.

The defendant in execution and plaintiff in injunction sought to enjoin the sale on three grounds, viz.:

(1) That the case had been appealed to the Court of Appeal and was still pending, and that, pending the hearing of the appeal, no fieri facias or writ of execution could be issued;

(2) That no legal notice of seizure had been served;

(3) That no legal notice to appoint an appraiser had been served.

When July 22, 1930, the date set for the hearing of the rule, arrived, no action of any kind was taken. On September 15, 1930, the defendant answered the rule and, as plaintiff in reconvention, prayed for damages as provided for in article 304 of the Code of Practice in cases where the execution of a judgment is prevented by the wrongful issuance of an injunction. The case was tried on September 22, 1930, and judgment was rendered for plaintiff on September 25, 1930. On December 18, following, a judgment was signed. The decretal portion of the judgment was in the following words, to-wit:

"It is therefore ordered, adjudged and decreed that there be judgment in favor of the plaintiff, J. R. Austin, and against the defendants, perpetuating and maintaining the writ of injunction sued out herein."

While the judgment was in favor of the plaintiff in injunction and purports to perpetuate and maintain "the writ of injunction sued out herein," the fact remains that no preliminary injunction was issued and the temporary restraining order issued on July 12, 1930, was never extended, but lapsed and expired on July 22, 1930.

The defendant has appealed and is asking that the judgment be reversed and that damages be granted in accordance with its reconventional demand.

OPINION

As noted in the statement of the case above, the preliminary writ of injunction was asked for on three grounds. The first two grounds appear to have been abandoned, as the attorney for the appellee does not urge them in his brief. The appeal from the judgment in the first case was devolutive only and, therefore, the plaintiff in that case had a perfect right to issue execution on its judgment without waiting for the appeal to be reached and determined by the Court of Appeal. The notice of seizure was perfectly legal and regular in every respect and conformed to all the requirements of articles 654 and 655 of the Code of Practice, and, therefore, could not give the defendant in execution and plaintiff in this case any

right to a preliminary writ of injunction. It remains, therefore, to determine whether the notice of the sheriff to the defendant in execution to appoint an appraiser was defective or lacking in any respect. This is the only ground which counsel for plaintiff and appellee urges in support of the judgment appealed from. When the advertisement of the sale was first inserted in the newspaper on May 27, 1930, and the date of the sale was published for July 5, 1930, a notice to appoint an appraiser was served on the defendant in execution directing him to appear in the sheriff's office on July 5, 1930, at 10 o'clock a. m., for the purpose of appointing an appraiser for the property under seizure. When the sheriff discovered that the advertisement could not be started until after three days had elapsed after the service of the notice of seizure, he cancelled the advertisement and began it over on June 5, 1930, and a new date of sale was fixed for July 12, 1930. This change of the date of the sale did not necessitate the issuance of a new notice of seizure, nor did it necessitate the issuance and service of another notice to appoint an appraiser for the property under seizure. The attorney for the plaintiff and appellee appears to be under the impression that the appraisement of the property must be made on the day of the sale. That is not the law, though it may be the local custom is some places. Article 671 of the Code of Practice, the law governing this case, provides:

"Ten days before proceeding to the sale of the property seized, if it consists of immovables, the sheriff shall summon the party whose effects are seized, by a written notice, delivered to him in person, or left at his usual place of residence, to appear on the day, place and hour which he shall mention to him, for the purpose of naming an appraiser of the property to be thus sold."

The notice to appoint an appraiser, which is admitted to have been served on the plaintiff and appellee, was served more than ten days before the sale, and it named the day, place and hour. If the plaintiff did not appear at that place, day and hour, then, under the provisions of article 672 of the Code of Practice, the sheriff could proceed with the making of the appraisement. Even though the date of the sale had been advanced one week beyond the date first fixed and advertised, the plaintiff and appellee was still bound by the notice to appear on July 5, 1930, to appoint an appraiser for the property. The judgment appealed from is wrong and will have to be reversed.

Counsel for defendant and appellant urges us to consider the demand for damages. When the rule was granted and issued on July 12, 1930, it was made returnable on July 22, 1930. In its very nature and under the express terms of the law, the temporary restraining order lapsed and expired on July 22, 1930, unless it was expressly extended by special order of the court. According to the minute entries made a part of the transcript filed on appeal, the temporary restraining order was never at any time extended. Therefore, it lapsed and expired on July 22, 1930. On that date, the day set for the hearing of the rule, no action whatever was taken in the case. So far as any effect of the restraining order is concerned, the defendant in injunction and plaintiff in the former suit was at perfect liberty to proceed with the sale of the property under seizure. The answer to the rule was not filed until September 15, 1930. In this answer the defendant in injunction reconvened for statutory damages as provided in article 304 of the Code of Practice. Counsel for defendant was proceeding on the theory that there was an injunction in force. As

a matter of fact, the only thing before the court at that time was the question as to whether a preliminary injunction should be issued. No effort was ever made to dissolve the restraining order while it was in force. If defendant in injunction had undertaken to dissolve this temporary restraining order while it was in force, as is provided for by the statute, there might be some merit in its contention for damages. But as the record stands it appears to have acquiesced in the matter of the restraining order. Even though the restraining order lapsed and expired by limitation, the defendant took no steps to proceed with its sale or to have the plaintiff's right to a preliminary injunction tried and determined on the date set by the order of the court or on any other early date, as it had a right to do. It is a significant fact, apparent from the record, that no injunction had ever been issued in this case and that there never was a time after July 22 when the defendant could not have proceeded with the sale of the property under seizure. It is true that the judgment said, "It is therefore ordered, adjudged and decreed that there be judgment in favor of the plaintiff, J. R. Austin, and against the defendant, perpetuating and maintaining the writ of injunction sued out herein." But no injunction had ever been "sued out" or issued in the case. A temporary restraining order had been issued but it expired on July 22, 1930, and was never extended. Therefore, the only judgment that could have been properly rendered in the case, provided the evidence justified it, was one granting a preliminary injunction, and even then the preliminary injunction should have been formally issued. In this case no injunction had been issued and the judgment as written is insufficient to serve as one.

No damages can be allowed on reversing the judgment as rendered, for this judgment does not have the force or effect of an injunction. No damages can be awarded because of the temporary restraining order for the reason that no effort was made to dissolve it while it was in effect. The defendant appears to have acquiesced in it. It took no steps to dissolve it, nor did it answer the rule on the date set for that purpose, nor at all until several weeks thereafter. After the restraining order had lapsed and expired and there was nothing to restrain it, the defendant made no attempt whatever to proceed with the sale of the property under seizure, as it had a perfect right to do.

For the reasons assigned the judgment appealed from is hereby annulled and reversed, and the defendant's demand for damages on account of the restraining order is rejected; the plaintiff and appellee to pay all the costs of both courts.