## THIBODEAUX v. BERGERON et al.

### No. 1535.

Court of Appeal of Louisiana. First Circuit.
March 23, 1936.

Dubuisson & Dubuisson, of Opelousas, for appellant.

L. B. Sandoz, C. F. Boagni, Jr., and R. Lee Garland, all of Opelousas, for appellees.

DORE, Judge.

This is an appeal from a judgment sustaining an exception of no cause or right of action, filed by the defendants. The defendants filed in this court a motion to dismiss the appeal for the reason that we did not have jurisdiction of the subject-matter, in that the value of the property in question, at the time of the institution of this suit, was in excess of $2,000, and in support of this motion, defendants attached and annexed thereto certified copies: First, of a sale from Dr. Boagni, one of the defendants, to Mr. H. J. Bergeron, the other defendant, wherein the said Dr. Boagni sold unto the said Bergeron the property in question for the sum of $1,400, reserving unto the vendor a certain portion of the mineral rights; second, of a mineral lease executed by the said Messrs. Dr. Boagni and Bergeron to the Rex Drilling Company, the consideration of which is stated to be the sum of $2,550, for a five years' rental therefor, payable in advance. The affidavit of the plaintiff is to the effect that the property is worth less than $2,000.

On the Motion to Dismiss.

The allegations of the plaintiff's petition show that the property was sold to Dr. Boagni, defendant herein, for the sum of $200. Considering those allegations, together with the affidavit of the plaintiff that the property has a less value than of $2,000 we deem it sufficient to establish our jurisdiction. However, in passing, we may say that the affidavit of the defendants to the effect that Dr. Boagni sold the property to Mr. Bergeron, the other defendant, for the sum of $1,400, however reserving a certain portion of the mineral rights, also shows that the property is of less value than $2,000. The fact that the property was almost immediately leased for a period of five years for an advanced consideration of $2,550,

or you may say a payment in advance of $510 per year, for the mineral development, does not show in itself our lack of jurisdiction. As we understand the law and jurisprudence of our state to be, mineral rights, such as oil and gas, are regarded as fugitive rights which may or may not exist in the land, and that they have an uncertain existence and value. We do not therefore consider this lease in the fixation of the value of the property and in the determination of our jurisdiction. The motion to dismiss the appeal is therefore denied.

### On the Merits.

Plaintiff seeks the nullity of the adjudication and sale of certain property formerly belonging to her, situated in the parish of St. Landry, to Dr. Charles F. Boagni in the foreclosure proceedings had in the matter of Dr. Charles F. Boagni v. herself, and subsequently sold to Thibodeaux, the other defendant, and ordering and directing the clerk of court for the parish of St. Landry to erase and cancel the said deeds of conveyances off the records, and decreeing her to be the lawful owner thereof, reserving unto herself such rights for damages as she may have sustained by the illegal sale of her property, together with the rents and revenues. The plaintiff urged before the lower court two reasons for the nullification of the sheriff's sale, namely:

"(1) That in the foreclosure proceedings above referred to, petitioner Amy Bearb Thibodeaux was served on January 11, 1933, by the Sheriff of the Parish of Acadia at the instance of the seizing creditor, with the combined notice of seizure and sale in which she was notified that her aforesaid property had been seized by the Sheriff of the Parish of St. Landry in the execution of an order of seizure and sale, that the sale thereof would take place at the seat of justice of St. Landry Parish, on January 25th, 1933, at the hour of eleven o'clock (11:00) A. M., and in which she was further summoned to appear and attend said sale on said day and at said hour, but that, as a matter of fact, said sale was actually held and advertised to take place on February 25th, 1933; (2) That the Sheriff's proces verbal of said sale filed in said foreclosure proceedings is incorrect in that it is recited therein that the Sheriff caused the sale of said property to be advertised in the Opelousas Herald for a period of more than thirty days beginning with the issue of said newspaper of January 17, 1933, when, as a matter of fact, said advertisement did not appear in the issue of said newspaper of January 17th, 1933, but first appeared in the issue of said newspaper of January 24th, 1933, and that, therefore, said property was not advertised and could not be advertised for a period of thirty days preceding the date on which said pretended sale actually took place."

Before this court, plaintiff has abandoned her second ground, fully realizing that the pleadings in the matter show thirty days' advertisement, and she therefore does not press it. However, in furtherance of her first reason for nullity and setting aside the said sale, she further alleges that she was a resident of the parish of Acadia, and that she believed that the said sale would have taken place as per the written notice given to her; and when said date arrived, she ceased in making further efforts to raise the amount called for by the said writ; she further alleges that she was not appraised of the true date of sale and the confection thereof on February 25, 1933, until after the sale had taken place.

■ In passing upon an exception of no right or cause of action, all well-pleaded facts are taken to be true, but conclusions of law are to be disregarded.

■ The law has carefully prescribed the procedure for selling property under foreclosure; we do not find any statute, nor has the plaintiff cited us any, wherein it is required that the defendant in foreclosure should be notified as to the time and place of the sale. This is admitted by the plaintiff, but she contends that whenever the defendant is so notified of such time and place, then and in that event "the debtor is relieved of the necessity of looking to other sources for information as to the date of sale" (quoting from plaintiff's brief). We do not agree with him. It is the debtor's duty to follow the proceedings to the last. When the sheriff for the parish of Acadia served upon the defendant, plaintiff herein, the notice of seizure or demand, he was merely acting for the sheriff for the parish of St. Landry, and the fact that there was also included a notice of the time and place of the sale was purely surplusage and of no effect. We cannot see wherein the rights of the plaintiff were in any way prejudiced by the said notice; she had

some four weeks more in order to seek more financial help to redeem the property from the mortgage held by Dr. Boagni.

We have carefully read and investigated the cases cited by the plaintiff herein, and we see no application to the case at bar; but on the contrary, we feel that the case of Austin v. Currie, 16 La.App. 375, 134 So. 723, is more applicable to the present case.

For these reasons, we are of the opinion that the exception of no cause of action was correctly sustained.

Judgment affirmed.