ELLIS, Judge.
The Finance Security Company, having effected the foreclosure of a chattel mortgage executed by Harlan E. Ford on his automobile, but having failed to realize the full amount -secured by said chattel mortgage, obtained a deficiency judgment by default for the balance. This judgment was obtained against Harlan E. Ford on Oct. 9, 1953.
A writ of fieri facias was issued on August 10, 1954, and the bank account of Piarían E. Ford in the Washington Bank & Trust Company in Angie, La., was seized to satisfy the deficiency judgment.
Harlan E. Ford then filed the instant suit to annul the deficiency judgment and recall the writ of fieri facias issued thereunder. Judgment was rendered as prayed for by the plaintiff and the Finance Security Company has appealed from this judgment, urging that the Sheriff’s Sale in the original foreclosure proceeding was with appraisal and, therefore, under LSA-R.S. 13:4106 a deficiency judgment could validly be rendered.
The facts upon which the original judgment rests are as follows:
The record reveals that the plaintiff herein was served as defendant in the foreclosure proceedings with a notice of seizure on February 26, 1953. This notice gave March 28, 1953 as the date upon which the Sheriff’s Sale of the mortgaged property was to be had and also contained the standard notification to Harlan E. Ford to appoint an appraiser if he saw fit. Instead of having the sale on the date set out in the notice of seizure it was postponed to May 2, 1953. The testimony regarding notice to the plaintiff of this change in the date of sale is in conflict. The sheriff testified that he gave his deputy a notice of the postponement to serve on Harlan Ford. Ford testified that he did not receive this notice until after the property was sold. After the required advertisement and ap-praisement by the appraisers appointed by the sheriff the plaintiff’s automobile was sold to the highest bidder, defendant herein.
Under the jurisprudence it is immaterial whether or not Ford was notified of the postponement of the sale and whether or not he was again requested to appoint an appraiser. In the case of Austin v. Currie, 16 La.App. 375, 134 So. 723, 724, these points were considered and passed upon as follows:
“ * * * it remains, therefore, to determine whether the notice of the sheriff to the defendant in execution to appoint an appraiser was defective or lacking in any respect. This is the only ground which counsel for plaintiff and appellee urges in support of the judgment appealed from. When the advertisement of the sale was first inserted in the newspaper on May 27, 1930, and the date of the sale was published for July 5, 1930, a notice to appoint an appraiser was served on the defendant in execution directing him to appear in the sheriff’s office on July 5, 1930, at 10 o’clock a. m. for the purpose of appointing an appraiser for the property under seizure. When,the sheriff discovered that the advertisement could not be started until after three days had elapsed after the service of the notice of seizure, he canceled the advertisement and began it over on June 5, 1930, and a new date of *748 sale was fixed for July 12, 1930. This change of the date of the sale did not necessitate the issuance of a new notice of seizure, nor did it necessitate the issuance and service of another notice to appoint an appraiser for the property under seizure. The attorney for the plaintiff and appellee appears to be under the impression that the •appraisement of the property must be made on the day of the sale. That is not the law, though it may be the local custom in some places. Article 671 of the Code of Practice, the law governing this case, provides:
“ ‘Ten days before proceeding to the sale of the property seized, if it consists of immovables, the sheriff shall summon the party whose effects are seized, by a written notice, delivered to him in person, or left at his usual place of residence, to appear on the day, place and hour which he shall mention to him, for the purpose of naming an appraiser of the property to be thus sold/
“The notice to appoint an appraiser, which is admitted to have been served on the plaintiff and appellee, was served more than ten days before the sale, and it named the day, place, and hour. If the plaintiff did not appear at that place, day, and hour, then, under the provision of article 672 of the Code of Practice, the sheriff could proceed with the making of the appraisement. Even though the date of the sale had been advanced one week beyond the date first fixed and advertised, the plaintiff and appellee was still bound by the notice to appear on July 5, 1930, to appoint an appraiser for the property. The judgment appealed from is wrong and will have to be reversed.” See also Thibodeaux v. Bergeron, La.App., 166 So. 898.
The Currie case, supra, is directly in point, and, although Article 671 has been amended so that notice to appoint appraisers must be served at least three days instead of ten days prior to the sale, the law today is substantially the same as it was when the above interpretation was made. This interpretation of Articles 671 and 672 of the Code of Practice seems eminently just and equitable.
In the present case the plaintiff allowed his car to be seized and sold and a deficiency judgment to be obtained without appel-lee making any effort to oppose with suit or appoint appraisers. Then, almost a year later, when his funds are seized which were on deposit in the bank, he hastened into court to recover his losses.
For the reasons assigned, the judgment of the District Court annulling the deficiency judgment is reversed and the deficiency judgment is reinstated, costs to be paid by plaintiff.