161 So.2d 441 (1964)
Vito J. PIZZITOLA
v.
Peter PACE.
No. 1351.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 1964.
*442 Alcide J. Weysham, New Orleans, for plaintiff-appellant.
Albert A. Bargas and Charles E. Deichmann, New Orleans, for defendant-appellee.
Before SAMUEL, TURNER and BARNETTE, JJ.
CHRIS T. BARNETTE, Judge pro tem.
Plaintiff-appellant and defendant-appellee are owners of adjacent property separated by a common passageway serving the two lots and residences thereon known by municipal numbers, 125-127 South Gayoso Street, and 129-131 South Gayoso Street in the City of New Orleans.
Plaintiff alleges that the following clause appears in the respective deeds to said property:
"The parties hereto, both vendors and vendee, stipulate, agree and bind themselves, their heirs, assigns and successors in title, that there shall never be erected a fence along the line separating the said Lot B-1 (bearing Municipal Nos. 129-131 South Gayoso Street, as shown upon the aforesaid sketch of survey made by Gilbert & Kelly, Surveyors, dated January 18, 1946) from the adjoining lot on the side toward Canal Street bearing Municipal No. 125-127 South Gayoso Street, which is presently owned by the vendor herein, Herman Charles Doescher, Jr."
This above quoted clause was omitted from defendant's deed from Hibernia Homestead Association in the sale and resale transaction, when a home financing loan was negotiated. However, this is of no consequence and has no bearing on this case for the reasons hereafter shown.
Plaintiff attempted through a summary proceeding initiated in the Civil District Court for the Parish of Orleans to secure a preliminary injunction against the defendant, to enjoin him from building a fence or obstructing the driveway by parking automobiles or otherwise. Pursuant to plaintiff's petition, the trial court issued an order to show cause returnable nine days later. Defendant filed exception of no cause of action; exception of improper cumulation and exception of unauthorized use of summary proceedings, all of which were referred to the merits
In answer, defendant denied the essential allegations of plaintiff's petition and particularly plaintiff's allegation that he had no adequate remedy in law. He concludes with an allegation that defendant was entitled to "Two Hundred and Fifty ($250.00) Dollars in order to defend his rights hereunder * * *."
On trial of the rule to show cause why a preliminary injunction should not issue, the plaintiff and his tenant were the only witnesses called. The defendant offered no testimony but did file in evidence a copy of the deed of conveyance by which his property was acquired from the Hibernia *443 Homestead Association. We quote from the transcript of plaintiff's testimony the following extracts which we think have an important bearing on the issue now before this Court:
"Q Your property, according to your survey
"A I have the survey here.
"Q Extends approximately three or four feet into that driveway?
"A It is three feet.
"Q Without the use of the other part of the property you could not use that as a driveway, could you?
"A No. I tell you why. On my side the pave runs from the house out. On the other side there is a flower bed. There used to be a flower bed and then there is a runner in there. There is a metal strip in there. When they use this they have to use my property to go in and out. They have a garage in the back.
"Q Has the defendant been using it as a driveway?
"A No, he uses it as a parking space."
and on cross-examination he testified:
"Q During the entire time Mr. Pace has been living there has he used the area between the two houses?
"A Yes, sir, on and off, he has.
"Q Has such use prevented your using that driveway?
"A A lot of times, yes, sir.
"Q Do you use the driveway at all?
"A I tell youthe only time I ever have access to that driveway is whenever I want to make a delivery at my house that I can drive in, take whatever I have in my car out and drive out and park in the street because I don't have a garage. I park my car in the street.
"Q Has Mr. Pace's use of the driveway caused you to lose the use of the driveway?
"A I don't think it, I know it.
"Q That has been continued how long? Since his occupancy of the house?
"A I imagine on and offit's not all the time the car is in there. I would say anywhere between four to five days a week.
"Q He effectively has prevented you from using the driveway?
"A Yes, sir."
The testimony of plaintiff's witness, Mrs. Whitney Keller, his tenant, is substantially the same as that given by him, none of which is denied by defendant.
Counsel for plaintiff asked leave of the court to introduce photostatic copy of the survey of the property in question, but we fail to find it in the record. This, we think would be of value in determining if defendant is trespassing on plaintiff's property, which the testimony indicates he does habitually.
The following comments by the court we think are significant:
THE COURT:
"I will tell you what I am thinking about right now. Whether or not there is a driveway may be of no moment. Mr. Bargas is urging it is not a driveway. Since he strongly urges it is not a driveway then, these people can't use it. If the people can't use it there is no need for an injunction, a restraining order or anything."
* * * * * *
"* * * By the defendant's own allegations, if I deny the injunction, do not grant the injunctionthe defendant has made it abundantly clear that such use, by him, would be a trespass on someone else's property, so I am sure he would not park in there. I am sure of it. * * *"
*444 Obviously it is a driveway leading to defendant's garage in the rear and it appears that the defendant is using it as a parking place and an injunction might be necessary to prohibit trespass and protect plaintiff's rights.
The trial court correctly denied the application for a preliminary injunction for the reason there was no evidence that defendant had built a fence or was about to build one and the question of the effect of the alleged stipulation in the deeds on this subject is not important to a decision of this case. Whatever right plaintiff might have to enjoin defendant from otherwise obstructing the common driveway by parking automobiles, wholly or partly on his property, thus constituting a trespass, is not a right of action to be adjudged in a summary proceeding under Articles 2592 and 3601 of the LSA-Code of Civil Procedure.
On the question of attorney's fee for defendant "in order to defend his rights hereunder" as claimed by him, the court was correct in disallowing the claim. Attorney's fees may be allowed as an element of damage when a defendant has been illegally enjoined by a preliminary injunction or temporary restraining order which is thereafter set aside. Article 3608, LSA-Code of Civil Procedure, Amacker v. Amacker, La.App., 146 So.2d 672.
No temporary restraining order or preliminary injunction was ever issued, and we know of no law which would entitle defendant to attorney's fees to defend an action brought against him. This action does not appear to be frivolous nor without probable cause, but should, more properly, have been brought as an ordinary proceeding.
In Article VII of plaintiff's petition he states that defendant should be ordered to show cause why a "preliminary" injunction should not be issued, etc., "and that after a trial on the merits a `permanent' injunction should be issued to that effect." In the prayer, which follows immediately, he prays in almost identical language for the same, but uses the word "preliminary" in both paragraphs of the prayer. This, we think, was an obvious error in typing and he clearly intended to pray in the second paragraph "that after trial on the merits a permanent (emphasis ours) injunction be issued. * * *" This assumption of obvious intent is justified under Article 865 LSA-Code of Civil Procedure. The record does not disclose if this error had any bearing on the trial court's judgment dismissing plaintiff's proceeding without a hearing on the merits. Plaintiff seems to rely principally on the covenant in the deed prohibiting erection of a fence, which we have pointed out is not an issue, but he does make sufficient allegation of other obstructions by parking automobiles, without specifically alleging trespass, as to justify a hearing on the merits. Article 865 of the LSA-Code of Civil Procedure.
In the case of Ridge Park v. Police Jury of Jefferson Parish, 210 La. 351, 27 So.2d 128, the Supreme Court through Chief Justice Fournet stated:
"Obviously the court was unauthorized to dismiss the plaintiff's suit on the merits since the only matter tendered to the court and submitted to it for adjudication under the rule nisi was `why a preliminary injunction should not issue in this cause as prayed for.'"
Involved in that case was a proceeding to have declared void an ordinance of the Police Jury abandoning and closing a certain street in the rear of a subdivision adjoining Ridge Park and for a preliminary injunction restraining and enjoining any interference with the plaintiff's use of the street for highway and road purposes. From a judgment denying injunctive relief and dismissing the plaintiff's suit, the plaintiff appealed and the Supreme Court ruled as quoted above.
The holding in Ridge Park was followed in Chicago Mill & Lumber Co. v. *445 Lewis, La.App., 68 So.2d 913 and also in Baton Rouge Cigarette Service v. Bloomenstiel, La.App., 88 So.2d 742. Although all of these cases were decided before the adoption of the new Louisiana Code of Civil Procedure, there is nothing in the Chapter on Injunctions in that Code (Book 7, Chapter 2, Sections 3601-3613) to indicate that the rule enunciated is not still good law. Therefore it would seem that where the relief asked in plaintiff's petition is the granting of a preliminary injunction and finally a permanent injunction after a hearing on the merits, on the hearing for the preliminary injunction the trial court must either grant or deny the preliminary injunction and cannot decide the case on the merits until the trial on the merits for a permanent injunction is held.
The judgment appealed from is affirmed in all respects except the dismissal of plaintiff-appellant's petition without a hearing on the merits. In that respect it is reversed and remanded for further trial; costs of this appeal to be paid by defendant.
Affirmed in part; reversed in part and remanded.