DIXON, Judge
(concurring).
The conclusion of the majority is correct, in my opinion, but for reasons different from those expressed. Therefore, I respectfully concur.
This suit is filed by Louis Lyons against L. G. Campbell and Lillian Gions Pryor, seeking damages for the wrongful issuance of a temporary restraining order and a preliminary writ of injunction. The restraining order and injunction complained of were issued in suit No. 28,849, styled Lillian Gions Pryor v. Sam Gions, Louis Lyons, and W. E. Waggoner, Sheriff. The instant case bore No. 30,744 in the trial court, and was consolidated for the purpose of trial with a companion case, No. 30,743, from which no appeal was tak *897 en. There was judgment in the instant case for the plaintiff for $55. Defendant Campbell appeals; the plaintiff did not answer the appeal.
This is one of a series of suits filed following the death of one George Gions. Lillian Gions Pryor was recognized as George Gions’ sister and sole heir and placed in possession of his property on May 29, 1963. On May 5, 1964, Sam Gions instituted an action alleging that he was the legitimate brother of George Gions, and praying for recognition as owner of an undivided one-half interest in the property left by George Gions. There was a judgment rendered in that case against Lillian Gions Pryor by default, recognizing Sam Gions’ one-half interest in and to the property left by George Gions. Sam Gions subsequently sought a partition in another action. Sam’s attorney, Louis Lyons, purchased the property at the partition sale, then attempted to evict Lillian Gions Pryor. This provoked suit No. 28,849, Lillian Gions Pryor v. Sam Gions et al., in which a judgment was sought annulling the judgment which had recognized Sam Gions as an heir, and, incidentally, praying for a temporary restraining order and a preliminary injunction to prevent the eviction of Lillian Gions Pryor from the property. There was no prayer for a permanent injunction. This suit terminated adversely to the plaintiff, Lillian Gions Pryor, who was represented by L. G. Campbell.
In suit No. 28,849, filed February 8, 1965, a temporary restraining order was issued, prohibiting Louis Lyons from entering upon the property that had formerly belonged to George Gions, and which Lyons had purchased at the partition sale. The order also prohibited Lyons, Gions, and Sheriff W. E. Waggoner from “in any manner dispossessing” Lillian Gions Pryor from the property. L. G. Campbell executed a bond in the amount of $500 to obtain the temporary restraining order.
The minutes reflect that on February 12, 1965 the rule to show cause why a preliminary injunction should not issue was continued until February 19, 1965; the minutes further show that on February 19, 1965 the rule for a preliminary injunction “is called and tried and there is judgment granting a preliminary injunction.”
A search of the record does not disclose a judgment; no other bond was required or posted. The case was set and tried on June 22, 1965, and on February 25, 1966 judgment was rendered dissolving “the preliminary injunction heretofore granted.” L. G. Campbell signed an appeal bond in the amount of $250. It is Lyons’ contention in the instant case that Campbell is liable to him on the bond posted for the temporary restraining order and on the appeal bond. Lyons’ petition in the instant case claims $250 for legal services he rendered himself in obtaining the dissolution of the temporary restraining order and preliminary writ of injunction; $150 for embarrassment and humiliation; and $560 for the “loss of enjoyment of the property pending the final determination of suit No. 28,849.” Lyons further claims $55 which he paid the court reporter on behalf of his client in suit No. 28,849.
There was judgment in favor of Lyons and against Lillian Gions Pryor in suit No. 30,744, granting Lyons a judgment as prayed for. This portion of the case was tried by agreement between counsel, and plaintiff’s rights against L. G. Campbell were reserved.
On April 19, 1968 the trial judge in a written opinion gave judgment rejecting the demands of the plaintiff except for the amount of $55.
Since defendant Campbell did not answer the appeal, the Court cannot consider the propriety of the award of $55 against him.
There can be no liability in this case under the appeal bond signed by Campbell; *898 if the $55 had been taxed as costs in suit No. 28,849 (a fact not disclosed by the record), there might have been some liability under the appeal bond. However, the $55 was claimed, and awarded, as damages for the wrongful issuance of a temporary restraining order and preliminary injunction, for the payment by Lyons, presumably on behalf of his client, to the court reporter. The only liability Campbell could have incurred would have been under the bond given for the temporary restraining order.
The temporary restraining order in suit No. 28,849 was signed on February 8, 1965. It was not extended. On February 8, there was an order for a rule to show cause why a preliminary injunction should not issue, returnable on February 12. On February 12, the minutes reflect that, by agreement, the rule was continued until February 19, 1965. Again, there was no mention of continuing the temporary restraining order in full force and effect. On February 19, the trial court overruled an exception of no right of action, and tried the rule for a preliminary injunction. The minutes reflect that there was judgment granting a preliminary injunction. There is no judgment in the record. There is no reference to bond or security to be furnished, as required by C.C.P. Article 3610, and none was furnished. Therefore, the preliminary injunction was invalid.
It appears that the defendants in suit No. 28,849 were under no further restraint after February 18, 1965.
C.C.P. Article 5059 provides that:
“In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.”
However, C.C.P. Article 3604 provides that “a temporary restraining order * * * shall expire by its terms within such time after entry, not to exceed ten days, as the court prescribes.”
The order granting the temporary restraining order in suit No. 28,849 did not prescribe a term within which it should expire, but did fix a date on which the rule to show cause for a preliminary injunction would be heard (February 12). When no term is fixed for the temporary restraining order, the Code article, paraphrased, provides that “it shall expire by its terms within ten days after entry.”
In Austin v. Currie (1931), 16 La.App. 375, 134 So. 723, at pages 724 and 725, the Court stated:
“While the judgment was in favor of the plaintiff in injunction and purports to perpetuate and maintain ‘the writ of injunction sued out herein,’ the fact remains that no preliminary injunction was issued, and the temporary restraining order issued on July 12, 1930, was never extended, but lapsed and expired on July 22, 1930.”
“When the rule was granted and issued on July 12, 1930, it was made returnable on July 22, 1930. In its very nature and under the express terms of the law, the temporary restraining order lapsed and expired on July 22, 1930, unless it was expressly extended by special order of the court. According to the minute entries made a part of the transcript filed on appeal, the temporary restraining order was never at any time extended. Therefore, it lapsed and expired on July 22, 1930. On that date, the day set for the hearing of the rule, no action whatever was taken in the case. So far as any effect of the restraining order is concerned, the defendant in injunction and plaintiff in the former suit was at perfect liberty to proceed with the sale of the property under seizure.”
*899 There is no evidence in the record from which the Court can conclude with any degree of certainty that the plaintiff was damaged by the issuance of the temporary restraining order. I therefore concur in the result of the majority, and am of the opinion that the judgment appealed from should be affirmed, at appellant’s cost.