CHASEZ, Judge.
Anthony J. Rieger, plaintiff herein, filed suit against the defendant, Robert J. Tier-ney, praying to be recognized as a one-half owner of the following described property:
“A certain lot of ground together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, and advantages, there-onto belonging, or any anywise appertaining, situated in the fourth district of this city, square 161 bounded by Camp, Ninth, Chestnut and Eighth streets. Said lot is designated by the letter C and measures 47' front on Camp Street by a depth of 124'4". Municipal nos. 3119-21 Camp Street.”
Both parties are in substantial agreement on the facts of this case. The original negotiations for the purchase of the property were started by Mr. and Mrs. Anthony J. *280 Rieger to provide a home for themselves and Mrs. William Tierney, the mother of Robert J. Tierney and Mrs. Anthony J. Rieger.
After consultations with the Home Building and Loan Assn, it developed that the Riegers did not have a sufficient amount of money to make the down payment of $2400.00.
Robert J. Tierney, a veteran, agreed to use his benefits under the G.I. Bill to provide the required shelter. The Riegers put up $1200.00, which was sufficient to make the down payment when combined with the G.I. benefits supplied by Robert J. Tierney. The title to the property was taken in the name of Robert J. Tierney on the 1st day of May, 1947, and the property has remained in his possession ever since.
The Riegers made monthly payments of $30.50, contending that this represented one-half of the monthly installment of $61.00 due the Homestead during the life of the Homestead loan. The Homestead note was paid in full in the latter part of December, 1964.
Prior to Tierney’s acquisition of the Camp Street property hereinabove described, the Riegers had lived in rented premises along with Mrs. William Tierney, the mother of Mr. Robert J. Tierney and Mrs. Anthony J. Rieger. They were required to move from the rented premises when that house was sold and had difficulty in locating suitable rental quarters. These considerations broadened the search for a home and led to the subsequent purchase of the Camp Street property herein involved.
After the act of sale to Robert J. Tier-ney in 1947 Mrs. William Tierney moved into one side of the premises with the Anthony J. Riegers ánd Robert J. Tierney moved into the other side shortly thereafter. Mrs. William Tierney died in 1953.
Plaintiff, Anthony J. Rieger, contends that he occupied one-half of the premises bearing municipal #3119 Camp Street in the City of New Orleans from the time the property was purchased until July 16, 1966, when he and his family were forced by Robert J. Tierney to leave the house.
Although plaintiff’s suit was filed primarily to have him recognized as the co-owner of the above described property, in the alternative, he plead that he be reimbursed for all payments made by him to the Home Building & Loan Assn., as well as other expenses incurred in the purchase of the aforementioned property, and the cost of some repairs made thereto, aggregating the sum of $5358.83. He also demanded the issuance of a temporary restraining order and ultimately an injunction prohibiting Robert J. Tierney from assigning, selling, donating or otherwise encumbering the property. A restraining order was issued by the court on March 8, 1968 and a preliminary injunction was issued by the court on March 15, 1968.
Robert J. Tierney filed an answer denying all allegations of plaintiff’s petition except that he admitted the act of sale by the Homestead to himself of the property involved; and by reconventional demand he alleged that he is the record owner of the property, that he never executed a counter letter or sold any interest therein or otherwise alienated any portion thereof. He further asserted by reconventional demand that because the plaintiff enjoined and restrained him from disposing of the property he has been deprived of the quiet enjoyment of same and has been damaged thereby in the amount of $2500.00.
Robert J. Tierney also filed an exception demanding the dismissal of plaintiff’s suit, claiming to be a good faith possessor, holding a just title to the property for more than ten years and, therefore, plaintiff’s suit is barred by prescription under the provisions of Civil Code Article 3474.
The court a quo tried the case on the merits. In its reasons for judgment, among other things, the court stated that it would consider the various payments of $30.50 per month made by Mr. and Mrs. *281 Rieger as rent. It further stated that in its opinion the defendant had unjustly enriched himself to the extent of $1200.00, this amount representing the deposit of $450.00 for down payment, closing costs, etc., which the record discloses were made by Mrs. Rieger at the time the act of sale was passed in 1947. That the preliminary injunction issued on March 15, 1968 would be recalled and the permanent injunction would be refused; and also that the exception of prescription filed by Robert J. Tierney would be overruled.
The judgment entered into the record by the court a quo reads in part as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Anthony J. Rieger, and against the defendant Robert J. Tierney, in the full sum of $1,200.00, together with legal interest thereon from date of judicial demand, until paid, and for all costs.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the preliminary writ of injunction issued on March 15, 1968, be recalled and set aside, and the request for a permanent injunction be and the same is hereby denied.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the re-conventional demand of Robert J. Tier-ney, be and the same is hereby dismissed.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the pet-itory action herein be dismissed.
“JUDGMENT READ, RENDERED AND SIGNED IN OPEN COURT ON APRIL 23, 1971.”
On June 17, 1971 the defendant, Robert J. Tierney, appealed devolutively from this judgment. The plaintiff, Anthony J. Rie-ger did not appeal from the judgment, nor has he filed an answer to the appeal perfected by the defendant. Since the only appeal taken was taken by Robert J. Tiem ney and the only parts of the judgment rendered adverse to him were the award to Anthony J. Rieger of $1,200.00, together with interest and costs, and the denial of Tierney’s right to damages claimed by the reconventional demand for the improvident issuance of the restraining order, we can only review the findings of the trial court in these respects.
There is sufficient evidence in the record to warrant the finding of the court for the judgment in favor of the plaintiff, Anthony J. Rieger, for $1,200.00, interest and costs; however, on March 20, 1972 Robert J. Tierney filed a plea of prescription in this court leveled at the judgment rendered in favor of Anthony J. Rieger against him for the sum of $1,200.00, interest and costs, and prays that the judgment of the trial court be reversed as the record reflects that the alleged cause of action arose in 1947 and suit was not filed until 1968, and therefore any debt which the defendant Tierney might have owed to the plaintiff, Rieger, on the basis of a loan, contract, or quasi contract, has prescribed pursuant to articles 3538 and 3544 of the Civil Code.
In our opinion this plea of prescription is sound and we must reverse the District Court’s judgment in this respect.
The record discloses that plaintiff, Anthony J. Rieger, was aware of the fact, at least as far back as February, 1954, that the defendant, Tierney, did not recognize him as co-owner of any portion of the property involved herein and refused to sign a counter letter to that effect.
By letter dated February 22, 1954, Mrs. A. J. Rieger, through her attorney, Henry M. Robinson, requested the defendant to execute a counter letter to protect her alleged claim of one-half ownership in the property. From the record it appears that Tierney at all times refused to execute the *282 requested document. Plaintiff, therefore, knew as of 1954 that the defendant would not acquiesce in this demand. As a result, plaintiff’s claim for the return of $1,200.00 arose as of this date and prescription began to toll.
The applicable prescriptive period is ten years pursuant to LSA-C.C. Article 3544. Therefore, since the plaintiff-appellee did not file his suit until March 4, 1968, the plea of prescription must be maintained. LSA-C.C. Article 3459 and Art. 3528.
Robert J. Tierney has claimed damages in his reconventional demand for the improvident issuance of the restraining order. The record is entirely devoid of any evidence whatever indicating that he has suffered any damage, loss of funds, or opportunities to sell his property as a result of the issuance of the writ, and his appeal to this court for damages in the sum of $2,500.00 is denied.
It is therefore ordered, adjudged and decreed that as a resitlt of the plea of prescription filed in this court the judgment of the court a quo granting plaintiff, Anthony J. Rieger, the sum of $1,200.00 with legal interest, attorney’s fees and costs, against defendant, Robert J. Tierney, is overruled and set aside. In all other respects the judgment of the court a quo rendered and signed on April 23, 1971 is affirmed.
Reversed in part, affirmed in part, and rendered.