343 So.2d 444 (1977)
LIGHTHOUSE LIFE INSURANCE COMPANY, INC., Plaintiff and Appellant,
v.
Earline RICH and James E. Rich, Defendants and Appellees.
No. 5824.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
*445 Eugene J. Coen, Shreveport, for plaintiff and appellant.
Eugene P. Cicardo, Alexandria, for defendants and appellees.
Before CULPEPPER, GUIDRY and FORET, JJ.
CULPEPPER, Judge.
This is a suit for an injunction. Plaintiff is in the burial insurance business. Defendant, Mrs. Earline Rich, is its agent in Alexandria, Louisiana. Plaintiff contends that Mrs. Rich has breached her agency agreement by failing to remit premiums collected, refusing to produce her books and records for inspection by plaintiff, and by causing some of plaintiff's customers to transfer their business to National Western Life Insurance Company, a competitor of plaintiff in the area. Mrs. Rich's husband, James E. Rich, is also named as a defendant. Plaintiff contends he is an agent for National Western Life Insurance Company, and that he is soliciting business from plaintiff's customers.
Plaintiff's petition prays for a temporary restraining order, a preliminary injunction and a permanent injunction enjoining the defendant Earline Rich from further acting as plaintiff's agent, and ordering defendants to deliver into plaintiff's possession all of the books, records and other papers in their possession pertaining to plaintiff's insurance business.
On June 8, 1976, a temporary restraining order was issued as prayed for, and the rule for a preliminary injunction was set for hearing on June 14, 1976. Thereafter, the hearing on the rule for preliminary injunction was continued to June 21, 1976, but the temporary restraining order was not extended. It expired ten days after its issuance.
On June 21, 1976, the date of the hearing for a preliminary injunction, defendants filed an answer generally denying that plaintiff was entitled to an injunction and praying for damages and attorney's fees. After the hearing, the district judge denied the preliminary injunction on the basis that plaintiff failed to show that irreparable injury would occur unless a preliminary injunction was issued. The trial judge rejected defendants' demands for damages but awarded each defendant attorneys' fees in the sum of $500. The judgment does not dissolve the restraining order, since it had already expired before the hearing. Plaintiff appealed. Defendants answered the appeal, seeking an increase in the award for attorney's fees.
The issues are: (1) Did the trial court err in refusing to grant the preliminary injunction? (2) Are defendants entitled to attorney's fees where the temporary restraining order had expired before defendants' attorney filed an answer and before the hearing on the preliminary injunction?

THE PRELIMINARY INJUNCTION
In detailed reasons dictated into the record at the conclusion of the hearing on the preliminary injunction, the district judge found that at the time this suit was filed plaintiff had not attempted to terminate the services of Mrs. Rich as its agent, that whenever plaintiff had requested the books for inspection, Mrs. Rich had submitted them, and that there was no evidence to show that defendants were attempting to transfer plaintiff's business to another insurance company. The trial judge concluded:
"As I view the matter the sole reason for the whole thing was to use the office of the Court to apparently intimidate the Riches into turning over the books when, by the testimony of these witnesses that we've had in the case, there have been contacts recently, neither one of them asked them for the books and no termination, just suddenly a restraining order and I think that's what it's all about. I see that theas far as I am concerned there was no justification for the issuance of the restraining order even as I tailored it or rewrote it."
LSA-C.C.P. Article 3601 provides for the issuance of a preliminary injunction where it is shown that irreparable injury, *446 loss or damage may otherwise result to the applicant during the pendency of the suit for permanent injunction. Jurisprudence holds that the threat of irreparable injury must be clear and convincing. State Board of Education v. National Collegiate Athletic Association, 273 So.2d 913 (3rd Cir. 1973). Furthermore, the trial judge has broad discretion in determining whether to grant a preliminary injunction and his decision will be disturbed only where there is a clear abuse of that discretion. Picard v. Choplin, 306 So.2d 918 (3rd Cir. 1975). Applying these rules to the present case, it is clear that the evidence amply supports the decision of the trial judge in denying the preliminary injunction.

ATTORNEY'S FEES
LSA-C.C.P. Article 3608 provides in pertinent part: "Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages . . .." (Emphasis supplied) Jurisprudence makes it clear that where the temporary restraining order has expired by operation of law ten days after issuance, and where there is no showing of any necessity to obtain an attorney to dissolve the restraining order, attorney's fees cannot be awarded. Robinson v. Jackson, 255 So.2d 846 (2d Cir. 1971), writ denied, 260 La. 700, 257 So.2d 165; Pizzitola v. Pace, 161 So.2d 441 (1st Cir. 1964); Intercity Express Line v. Guarisco, 165 So.2d 727 (1st Cir. 1936); Austin v. Currie, 16 La.App. 375, 134 So. 723. Under this jurisprudence, it is clear that no attorney's fees can be awarded in connection with the temporary restraining order in the present case.
As to the preliminary injunction, no such writ was ever issued. The statute, LSA-C.C.P. Article 3608, states that attorney's fees are allowable in connection with the "dissolution" of a preliminary injunction. There is no statute which allows attorney's fees for simply defending a rule for a preliminary injunction. See Pizzitola v. Pace, supra, where the court reached the same conclusion.
We conclude defendants are not entitled to damages or attorney's fees.
For the reasons assigned, the judgment appealed is affirmed insofar as it denies the preliminary injunction. That portion of the judgment which awards attorney's fees is reversed and set aside, and judgment is now rendered in favor of the plaintiff rejecting the demands of defendants for damages and attorney's fees. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED IN PART, REVERSED IN PART.