396 So.2d 600 (1981)
Raymond C. DAVIS, Plaintiff-Appellee,
v.
RAYMOND PETROLEUM, INC. et al., Defendants-Appellants.
No. 8080.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
*601 Salter, Streete & Hale, Steven W. Hale, Lake Charles, for defendants-appellants.
Reesby & Townsend, Jeff Townsend, Lake Charles, for plaintiff-appellee.
Before GUIDRY, CUTRER and LABORDE, JJ.
GUIDRY, Judge.
Defendants-appellants, Raymond Petroleum, Inc., Charles Raymond Talen, Finley Hilliard, and James Creaghan, appeal from a judgment which denied their recovery of damages and attorney's fees allegedly resulting from the wrongful issuance of a temporary restraining order obtained by plaintiff-appellee, Raymond C. Davis. The decision of the trial court holding that the temporary restraining order was wrongfully issued has not been appealed.
Plaintiff-appellee filed a motion to dismiss this appeal contending that the judgment of the trial court is an "order relating to a temporary restraining order" and thus, is non-appealable under the provisions of LSA-C.C.P. Art. 3612.[1] Defendants-appellants filed an answer in opposition to this motion.

FACTS
On February 5, 1980, Raymond C. Davis filed a petition seeking a temporary restraining order and preliminary injunction prohibiting Raymond Petroleum, Inc. from conducting a shareholder's meeting scheduled for February 11, 1980. Davis alleged in his petition that a substantial and serious dispute regarding the ownership of stock in Raymond Petroleum, Inc. existed between himself and the remaining shareholders of that corporation. Thus, Davis sought to enjoin the corporation from conducting the scheduled meeting until after this dispute was resolved by the courts. In addition, Davis alleged that the purpose of the scheduled meeting was to oust him from positions of power within the corporation and that he would therefore sustain irreparable injury if the meeting was not enjoined.
On February 6, 1980, the trial court issued the temporary restraining order and ordered that a hearing on the preliminary injunction be held on February 14, 1980. At that hearing, defendants-appellants requested leave of court to file a peremptory exception of no cause of action. The trial court granted defendants' request and rescheduled the hearing for February 29, 1980. The temporary restraining order was not extended and thus expired by its terms ten days after issuance. On February 20, 1980, defendants-appellants filed a rule to dissolve the restraining order wherein they also petitioned the court for damages and attorney's fees. At the hearing held on February 29, 1980, the plaintiff-appellee withdrew his request for a preliminary injunction. *602 The trial court rendered judgment declaring that the temporary restraining order was wrongfully issued, however denied defendants' prayer for damages and attorney's fees.
This court is confronted with two issues on appeal: (1) Is a judgment denying damages and attorney's fees on a rule for wrongful issuance of a temporary restraining order a final judgment and therefore appealable? (2) Are the defendants-appellants entitled to damages and attorney's fees due to the wrongful issuance of the temporary restraining order?

MOTION TO DISMISS
Plaintiff-appellee contends that a judgment denying damages and attorney's fees for the wrongful issuance of a temporary restraining order is an "order relating to a temporary restraining order" which cannot be appealed from under the provisions of LSA-C.C.P. Article 3612, supra. We conclude that, under the particular circumstances of this case, this contention is without merit.
The only relief sought by Davis in this matter was the issuance of a temporary restraining order and an injunction prohibiting the defendant-corporation from conducting a scheduled meeting on February 11, 1980. When this matter was ultimately tried on February 29, 1980 the plaintiff withdrew his request for an injunction and the court took under advisement defendants' demand for damages and attorney's fees. Ultimately on July 7, 1980 the trial court signed a judgment finding that the temporary restraining order was wrongfully issued but denied defendants' demands for attorney's fees and damages. LSA-C. C.P. Article 1841 provides as follows:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

A judgment that determines the merits in whole or in part is a final judgment." The judgment rendered in this case is, in all respects, final insofar as this litigation is concerned as it determined the merits of the controversy between plaintiff and defendants and is therefore appealable.

DAMAGES
Raymond Petroleum, Inc. and three of its shareholders, Charles Raymond Talen, Finley Hilliard, and James Creaghan, allege that the wrongful issuance of the temporary restraining order resulted in a severe disruption of corporate business, and caused both the corporation and its individual shareholders embarrassment, humiliation, loss of privileges, loss of reputation, inconvenience, mental anguish, and emotional upset. Defendants-appellants contend that they are entitled to damages under the provisions of C.C.P. Articles 3607 and 3608. These articles provide:
C.C.P. Article 3607:
"An interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days' notice to the adverse party, or such shorter notice as the court may prescribe. The court shall proceed to hear and determine the motion as expeditiously as the ends of justice may require.
The court, on its motion and upon notice to all parties and after hearing, may dissolve or modify a temporary restraining order or preliminary injunction."
C.C.P. Article 3608:
"The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits."
*603 Before proceeding to a discussion of the precise issue presented on this appeal we consider it necessary to set forth our view with regard to the meaning of LSA-C. C.P. Article 3608. In our opinion the first sentence of the cited article allows the recovery of damages for the "wrongful issuance" of a temporary restraining order on a motion to dissolve or on a reconventional demand, irrespective of the fact that when the demand is made the wrongfully issued restraining order has already expired by its terms. The second sentence of the cited article allows the inclusion of attorney's fees as an element of such damages only for services rendered in connection with the dissolution of a restraining order or preliminary injunction. Therefore, we conclude that if the wrongfully issued restraining order has already expired when the demand for dissolution is made, damages are recoverable but attorney's fees are not.
The record discloses that by order of the trial court, Raymond Petroleum, Inc. was temporarily restrained, enjoined, and prohibited from conducting a shareholder's meeting scheduled for February 11, 1980. It is well-settled that the plaintiff (defendants herein are plaintiffs-in-rule) has the burden of proving all allegations of damages contained in his petition. Fox v. Argonaut Southwest Ins. Co., 288 So.2d 102 (La. App.4th Cir. 1974); Cheramie v. Jones, 327 So.2d 601 (La.App.4th Cir. 1976); Dillon v. Rice, 375 So.2d 742 (La.App.4th Cir. 1979), writ granted, 377 So.2d 1251 (La.1979), 384 So.2d 344 (La.1980). A review of the record reveals that it is devoid of evidence establishing the validity of the defendants' claim of damages. Our brethren of the First Circuit Court of Appeal in Amacker v. Amacker, 146 So.2d 672 (La.App.1st Cir. 1962) have previously commented:

"Appellants' claim of damages for alleged mental pain and anguish, humiliation, and embarrassment and injury to reputation purportedly resulting from the injunction which improperly issued herein, may be dismissed with the statement that the record before us is barren of evidence to support such claim." See also Kinchen v. Kinchen, 249 So.2d 926 (La.App.1st Cir. 1970); Rieger v. Tierney, 265 So.2d 279 (La.App.4th Cir. 1972). As stated in the trial court's written reasons for judgment, there is no showing made beyond the broad allegations of the petition that defendants suffered damages as a result of the wrongful issuance of the temporary restraining order. Accordingly, the defendants' claim for damages was rightfully denied by the trial court.
Since we find that the individual defendants, like Raymond Petroleum, Inc., have utterly failed to establish by a preponderance of the evidence that they suffered any damages as a result of the unlawful issuance of the restraining order, we need not consider their contention that they are entitled to damages because they are "interested persons" within the meaning of the language contained in LSA-C.C.P. Article 3607.

ATTORNEY'S FEES
Defendants-appellants contend that they are entitled to attorney's fees allegedly incurred as a result of seeking the dissolution of the temporary restraining order and defending the rule for a preliminary injunction. LSA-C.C.P. Art. 3608 provides in pertinent part, "... Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages..." (Emphasis supplied). As this court state in Lighthouse Life Insurance Company, Inc. v. Rich, 343 So.2d 444 (La.App.3rd Cir. 1977):

"Jurisprudence makes it clear that where the temporary restraining order has expired by operation of law ten days after issuance, and where there is no showing of any necessity to obtain an attorney to dissolve the restraining order, attorney's fees cannot be awarded. Robinson v. Jackon, 255 So.2d 846 (2d Cir. 1971), writ denied, 260 La. 700, 257 So.2d 155; Pizzitola v. Pace, 161 So.2d 441 (1st Cir. 1964); Intercity Express Line v. Guarisco, 165 So.2d 727 (1st Cir. 1936); Austin v. Currie, 16 La.App. 375, 134 So. 723." *604 Thus, under this jurisprudence, it is clear that no attorney's fees can be awarded in connection with the temporary restraining order in the instant case.
The record discloses that the temporary restraining order was issued on February 6, 1980. No extension was granted. Thus, the temporary restraining order expired by its terms ten days after issuance. LSA-C. C.P. Art. 3604. The rule to dissolve the temporary restraining order was not filed by defendants until February 20, 1980. The hearing on the propriety of issuing a preliminary injunction was not held until February 29, 1980, approximately twenty-three days after the order was granted. At the hearing, the plaintiff-appellee withdrew his request for a preliminary injunction. Our court in the Lighthouse case, supra, noted that no statute allows attorney's fees for simply defending a rule for a preliminary injunction. See also, Pizzitola v. Pace, supra. In the instant case, the plaintiff-appellee withdrew his request for a preliminary injunction, therefore, defendants-appellants were not even required to defend such a rule. After a consideration of the jurisprudence and applicable statutes, we conclude that the defendants-appellants are not entitled to attorney's fees under the circumstances of the instant case.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.C.P. Art. 3612 provides:

"There shall be no appeal from an order relating to a temporary restraining order.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen day from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III."