BARNETTE, Judge.
Plaintiff and defendant made a verbal contract for grading and landscape work to be performed by plaintiff for defendant at the latter’s home in the City of New Orleans. The amount agreed upon for completion of the work was $200. Plaintiff claims to have completed the work agreed upon in a satisfactory and workmanlike manner and in accordance with defendant’s specifications. The defendant refused to pay for the work done, contending that it had not been satisfactorily completed and did not correct the drainage problem which was the object of the work for which plaintiff was engaged. From a judgment for defendant rejecting plaintiff’s demands, this appeal was taken.
Defendant, owner of an attractive home, had erected a brick wall around the back yard which caused rainwater to collect in the yard. He proposed to change the grade so as to cause the water to flow out of the back yard to the street in front of his property. Defendant decided upon a plan calling for removal of the sod, grading and leveling, replacing, tamping and rolling the sod. In furtherance of this plan he placed stakes on each side of the house indicating *474 a change of grade to the extent of three and one-half inches. This grade change he determined by use of a builder’s level. The stakes were placed by defendant before plaintiff was called to make an estimate of the work.
We think the legal principle to be applied in determining the contractual liability in this case is found in Airco Refrigeration Serv., Inc. v. Fink, 242 La. 73, 79-81, 134 So.2d 880, 882 (1961):
“The contract involved in the instant case is a building contract within the definition of Article 2756 of the LSA-Civil Code. Article 2769 is therefore controlling. Under this codal provision the law is well settled that when the contractor has substantially performed a building contract which he has breached, he is entitled in a suit on the contract to recover the contract price less whatever damages the owner may prove attributable to the breach.
“Substantial performance of the contract is essential to warrant the application of this rule of law. For if the breached contract has not been substantially performed, the contractor may not recover on the contract, but is limited to recovery on quantum meruit.
“The principal question presented in this case is whether or not there has been substantial performance so as to permit recovery on the contract. This is a question of fact. Among the factors to be considered are the extent of the defect or nonperformance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the defendant of the work peiformed.” (Emphasis ours.)
See also U-Finish Homes, Inc. v. Michel, 183 So.2d 101 (La.App. 1st Cir. 1965).
We must then determine the answer to the questions set forth in the foregoing italicized statement. These questions are best answered by the defendant himself who said:
“Q. And the object of the job then was to reduce the grade at the front stake 3}/£ inches and all the way back to the — a straight line, is that correct ?
“A. Right.
“Q. And you had placed these stakes yourself prior to Mr. Rocquin’s starting the job?
“A. Right.
“Q. After Mr. Rocquin had worked on this project, was that grade in the front reduced 3)4 inches?
“A. Approximately, in places.
“Q. I am talking now approximately even with the front of your house ?'
“A. May I clear this up ? It’s true that he graded both sides of the ground' down to the 3]£ inches, however,, if the ground would have been rolled, completely packed again, this probably would have worked out very well but he didn’t come in to-roll it as he told me he would do-after.
* * * * * *
“A. Well, I explained to him what the problem was and showed him the stakes that I had layed out on each-side of the house showing the exact grade which had to be done before any work took place and he-said, ‘he had been in business for many years’, and he said, T know how to handle it’ and he said,. ‘$200.00 would be the cost of the-job.’ So I agreed to it.
******
“A. Well, he finished the job. He said, ‘let’s wait until the first good rain comes’, and after the first good rain came and we pointed out just a little bit more work that had to *475 be done to it and--he never came back after that and just a short while after that I sent him the $100.00 which was returned to me twice.
******
‘"A. I tried to reach, him and I wanted him to come out and look at the little low area and some other high places had to be cut down more. It wasn’t a lot more work that had to be done and he wouldn’t come any more, wouldn’t do any more about it.
******
‘“Q. What remained to be done after he finished this work ?
“A. A little filling in on some of the places, a little cutting down on the others and rolling the lawn on areas that were dug up.”
From the foregoing testimony, we must conclude that the work contracted was substantially completed and that material benefit to defendant resulted. The attempt to pay plaintiff $100 twice may be construed as recognition of material benefit .and that the work had been at least half •completed.
 Defendant is entitled to a reduction in the contract price for the cost to Rim in completing the unfinished work, but the burden is upon him to prove this cost. Airco Refrigeration Serv., Inc. v. Fink, supra; U-Finish Homes, Inc. v. Michel, supra. The defendant has failed to carry this burden of proof.
During the course of trial defendant attemped to offer in evidence a statement of a person named Banks to the effect that it would cost $175 to finish or correct the work done. Banks was not present, nor was he subpoenaed to identify the statement, qualify as an expert, or to be cross-examined. This evidence was properly rejected. No other evidence on this point was offered, and we must hold that defendant has failed to prove what amount, if any, he is entitled to claim in reduction.
Counsel for defendant argues that defendant has derived no substantial benefit from plaintiff’s work and relies on the following cases in which the contractors were denied recovery or held in damages for failure of substantial performance: Scheppegrell v. Barth, 239 La. 42, 117 So.2d 903 (1960) ; Ilgenfritz v. Radalec, Inc., 226 La. 59, 74 So.2d 903 (1954) ; Sartori v. Hunter, 158 So.2d 457 (La.App.2d Cir. 1963).
In Scheppegrell painting which the contractor did was worthless and had to be completely redone. In Ilgenfritz heating equipment installed was a total failure, did not meet its guarantee, and had to be removed from the premises. In Sartori a retaining wall collapsed and was so defective as to be entirely useless. In view of our factual finding in this case, these cases are not apposite.
Finally, defendant argues that the findings of fact of the trial court should not be overturned except for manifest error. No citation of authority is necessary to support this principle. We think the evidence preponderates in plaintiff’s favor. Particularly in view of the testimony of defendant quoted above and his attempt to pay half the contract price, it was error to hold that there was not substantial performance of the contract and material benefit to defendant.
The judgment rejecting plaintiff’s demands and dismissing his suit is reversed, and judgment is rendered in favor of plaintiff, Camille J. Rocquin, doing business as White Rose Nursery, against William J. Simmons, defendant, in the full sum of $200 with legal interest from judicial demand and all costs of these proceedings.
Reversed; judgment rendered.