YARRUT, Judge.
This suit arises out of a collision between an automobile driven by Plaintiff, and one driven by Defendant Ronald B. Hotz, on February 2, 1964 at about 4:30 in .the afternoon. Defendants, Mr. Hotz and his liability insurer, appeal from a judgment awarding Plaintiff $1,500.00 for her personal injuries. Hereinafter reference to Defendant will be to Mr. Hotz alone.
The accident occurred on Orleans Avenue in heavy traffic right after a Mardi Gras parade. Both cars were proceeding toward Lake Pontchartrain at about five miles per hour when the Defendant’s car struck the Plaintiff’s vehicle on the front left side. Both vehicles came to rest immediately after the impact.
Defendant and two of bis passengers testified there was virtually no impact and that they noticed no damage to either vehicle. The investigating police officer noticed scrapes on the side of Plaintiff’s vehicle. The only countervailing testimony that the impact was an extremely light one was the testimony of the Plaintiff that she was “jarred, or shook, whatever word you prefer to use.”
Significantly, the trial judge allowed no recovery for damage to Plaintiff’s vehicle because of what he termed “want of legally sufficient proof.”
We pretermit the question of liability because we find that Plaintiff did not bear the burden of proving her damages for personal injuries. The medical records of the United States Public Health Service Hospital show Plaintiff was given medication only for her nerves. Significantly, on *74 one occasion a “placebo” was prescribed for her. A placebo is “a medicine or preparation, especially an inactive one given merely to satisfy a patient.” Webster’s New International Dictionary (2d ed.).
The only other medical evidence in the record is a letter by Dr. Robert E. Dor-sen, a gynecologist with the hospital, which was admitted in evidence over the objection of counsel for Defendant. Because this letter is hearsay, the Defendant having no opportunity to cross-examine the doctor, it was improperly admitted and we must disregard it. Therefore the only evidence regarding Plaintiff’s injuries is her- testimony.
Plaintiff was pregnant at the time of the accident and had been receiving psychiatric treatment. In view of the light impact, her testimony with regard to the injuries which she claims she sustained appears to be grossly exaggerated, reflecting on her credibility. She testified she suffered severe headaches and severe pain in the pelvic area, and that she had an extremely diffi-' cult confinement after which she underwent a hysterectomy. The following are excerpts from her testimony.
“Q. Will you tell us whether or not this pain that you got after the accident was of a continuous nature or not?
“A. (Nodded affirmatively.) Never once did I get relief or did it cease to hurt up until .the fourth day after I had my baby. I can honestly tell you on the fourth day after my baby was born I was able to get up and lay down, yes. It hurt a little, but not in agony, Mr. Rutledge, not in agony like I was, because I called that agony. I don’t think Hell could be worse.

“Q. What effect did that worry have upon your nerves ?
“A. It worried them to a frazzle, to where I broke with the pain and worried about the baby, if it would be all right, and hurting all the time. I wanted to kill myself. I don’t know if it’s in the record or not, but I’ll tell you, I’m not ashamed of it. I could not take any more, and I got to the point where I was going to kill myself when they admitted me again into the hospital because I needed help. When a person thinks and thinks in those terms they need help.”
She further claimed that since the accident she had “lived her life in a hospital bed,” a statement not borne out by the record. However, the Plaintiff admitted that Dr. Dorsen didn’t believe her and gave her no treatment for the alleged pains, viz:
“Q. Dr. Dorsen was your physician at the Marine Hospital?
“A. Yes, sir.
“Q. Did you tell him about all these aches and pains that you described to the Court just now?
“A. Yes, sir.
“Q. And you say he didn’t believe you?
“A. Yes, sir.
“Q. Did he give you any treatment for these aches and pains?
“A. No, sir.”
Especially in view of the above-quoted testimony, we must conclude, as stated above, that Plaintiff failed to prove her damages. For the above reasons, the judgment appealed from is reversed; Plaintiff to pay all costs on appeal.
Judgment reversed.