JANVIER, Judge.
This suit grows out of a contract for the repairing and doing over of several rooms in the residence of Eugene D. Brier-re, one of the defendants. The other defendant is Calvin Poree, the general contractor. The contract was in writing, but it was not recorded and no bond was required of the contractor. The original price for the work was fixed in the written contract at $895.00, but by verbal agreement this was increased by $100.00, so that the final amount of the contract was $995.00.
The contractor, Poree, then entered into a verbal contract with the present plaintiff, Harold Houlemard, under which the subcontractor undertook to do certain of the painting and papering of some of the rooms for a sum which plaintiff in his testimony admits was $380.00, although in his petition he alleged that it was $400.00.
The subcontractor-plaintiff commenced the work, but before it was finished the owner complained to Poree that the work already done was unsatisfactory and Poree agreed that he would have the subcontractor correct the defects. The subcontractor did nothing for about two weeks, the delay, according to him, being caused by trouble in securing certain wallpaper. Because of this delay Brierre demanded that Poree remove plaintiff from the job and have it completed by some other subcontractor. Poree arranged with another subcontractor to finish the work for $80.00, but Brierre was not satisfied with the workers who were sent and refused to allow them to enter his residence. At the time of the trial of this case, plaintiff’s work had never been completed by any contractor, nor by the plaintiff himself.
At this stage Brierre, who had already paid $273.05 to Poree, paid him an additional $376.95, making a total of $650.00 paid to him. When he made this second payment, which-was by check, Brierre had Poree endorse it under the following stipulation : “I accept this check in full satisfaction of contract of Jan. 25, 1966 and agree to hold Eugene D. Brierre from any claims or liens arising from the contract of Jan. 25, 1966, and all at my expense.”
Plaintiff Houlemard, the subcontractor who had been paid nothing for the work *187 which he had done, recorded a lien against the property of Brierre and brought this suit against Poree, the contractor, and Brierre, the owner, praying for solidary judgment in the sum of $418.00, the amount claimed as due for the work, though as already shown he, in his testimony, said that the contract price was $380.00, plus $27.25 as the alleged cost of preparing and recording the lien. He further prayed for recognition of the lien and attorney’s fees and interest from judicial demand.
Brierre answered, averring that the work of plaintiff had been unsatisfactory and that he had not accepted it, and he prayed for a judgment dismissing the suit and for an attorney’s fee in the sum of $250.00; then, by third party petition, he prayed that should he be cast in the suit brought against him by plaintiff, he have judgment for a like amount against Poree, the contractor.
Brierre filed a supplemental answer, averring that the subcontractor’s work had been so badly done that it would be necessary to do over the entire job and that this would cost $693.34, and he, therefore, prayed for judgment against plaintiff in that amount.
Poree answered, averring that plaintiff had agreed to do the work for $400.00; that the work completed by plaintiff was worth $320.00, and that it would cost $80.00 to repair the defects in plaintiff’s work, bringing the total amount necessary for the work of the subcontractor to $400.00. However, in his answer, Poree also alleged that there was due to plaintiff, Houlemard, by Brierre the sum of $265.00 for the work which plaintiff had done.
There was judgment in favor of plaintiff and against Poree alone in the sum of $297.17, also dismissing the suit as against Brierre and ordering the cancellation of the lien recorded by Houlemard in M.O.B. 209, folio 211, and M.O.B. 2091, folio 215. There was further judgment dismissing Brierre’s third party action against Poree.
Poree alone appealed from this judgment, and Brierre answered the appeal praying for the affirmance of the judgment and for its amendment so as to provide that he have “a reasonable attorney’s fee as per contract.” Houlemard also answered the appeal, averring that the amount should be increased to $445.25, with legal interest from judicial demand, and that the judgment in his favor should also run against Brierre, as well as against Poree, in solido; he also asked that the lien be reinstated. However, in this answer to the appeal he prays only for the increase in the amount and costs in both courts.
We have found it more than difficult to reconcile the various figures which we have stated, since in most instances they do not add up to any of the amounts claimed to be due or denied.
It seems clear that the judge a quo felt that the work of Houlemard had been substantially completed as otherwise he would not have given him a judgment, certainly not for an amount so nearly that of his claim. And the evidence convinces us that in this finding he was not in error.
Surely the work cannot be so bad as plaintiff would have us believe since undoubtedly he would have done something to correct the defects and would not have continued to live in a residence in so terrible a condition as he claims his was in. Then, too, as we have shown, the contractor, Poree, said that Houlemard was entitled to the sum of $265.00 from Brierre.
Plaintiff testified that he paid the sum of $339.00 for labor and material which was used on the job.
It is true that Brierre produced an expert who inspected the work and who was of the opinion that it would have to be done over completely. He had not been employed to do the work, and he testified to the many faults entirely from memory and did not make any memorandum listing of the *188 several defects. In fact, this witness made a statement which impresses us as evidence of a tremendous exaggeration. He says that the work is so poor that it would have to be done over completely, the cost of which would be 60.% more than the total of the original contract, which means that in his opinion it would cost more than $1,500.-00, although the original contract was for only $995.00.
Another witness, who testified on behalf of Poree, said that he had done this type of work for a number of years and that he inspected the residence of Brierre and he would he willing to “straighten up the work” for $80.00.
Accordingly, we find no fault with the finding of the trial court that the work which plaintiff did had been substantially completed and entitled him to some payment. Where there has been substantial compliance, payment is due though there must be taken into consideration the cost of completing the work and this must be deducted from the original contract price. See Airco Refigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880; Rocquin v. Simmons, La.App., 187 So.2d 472.
Since plaintiff, in his testimony said that the price agreed upon for his work had been $380.00 and since the record convinces us that the defects could have been corrected and the work completed for $80.-00, we think that Houlemard is entitled to a judgment for $300.00.
And since the contract was not recorded and no bond was required of the contractor, the owner, Brierre, may be held liable as well as the contractor and the lien must be reinstated.
It will at once be realized that this conclusion produces a result which is most favorable to Brierre and most unfavorable to Poree. Brierre, in the original contract, agreed to pay a total sum of $995.00. This decision will require that he pay to Houle-mard $300.00, which, added to the amount already paid to Poree, will make a total payment by Brierre of $950.00. But, through the third party judgment in his favor against Poree he will recover the $300.00 he is required to pay to Houlemard so that he will be out of pocket only $650.00.
It is true that Brierre’s work has not been completed, and while he will not agree with the conclusion that for $80.00 he can complete his work, that is our conclusion and, as a result of it, should he actually complete the work he will have paid out the $650.00, wjiich he paid to Poree and the $80.00 for completing the work, so that for $730.00 he will have the entire work done for which he agreed to pay $995.00, and Poree, on the other hand, will have to return to Brierre $300.00 out of the total $650.00 he received, so that he will actually retain only $350.00 out of the original contract price.
When the hold-harmless agreement was demanded, it was not certain what work might be required to eliminate the defects and to complete the work, and, accordingly, at that time there was no amount which was actually due by Brierre to Poree. Thus, when Poree requested that second payment, Brierre was within his rights in demanding that if he made that payment, Poree must hold him harmless against any further payments on the original contract since if he made further payments and then finished the work at his own expense, the total amount might be considerable in excess of the original contract price. Hence, there was a consideration for his demanding the hold-harmless agreement from Poree.
These facts and figures lead to the supposition that when Poree signed the endorsement agreeing to indemnify and hold Brierre harmless against any possible claims, he really meant against any claims *189 in excess of the original $995.00 which, under the contract, Brierre had agreed to pay. We say this because at one part of his testimony Poree fixed the value of the work which had been done by Houlemard at $265.00. What he seems to have meant was that if there be deducted from the original $995.00 the $650.00 which Brierre had paid him and also the $80.00, which it is estimated he would be required to pay to complete the work, this would leave $265.00 which he thought should go to Houlemard.
However, Poree has made his own bed and must be compelled to lie in it. We cannot make it any more comfortable, though it would seem that Brierre has been the gainer by a considerable amount.
Accordingly, the judgment appealed from is amended by the increase in the amount of the judgment in favor of plaintiff and against Calvin Poree to the sum of $300.00, and it is annulled, avoided and reversed to the extent that there is now judgment in favor of plaintiff, Harold Houlemard, and against defendants, Calvin Poree and Eugene D. Brierre, solidarily in the sum of $300.00, with interest from judicial demand, and with recognition of the lien of plaintiff recorded in M.O.B. 209, folio 211 and M.O.B. 2091, folio 215, of the records of Orleans Parish; and the judgment, insofar as it dismissed the third party claim of Eugene D. Brierre against Calvin Poree, is annulled, avoided and reversed and there is now judgment in favor of Eugene D. Brierre and against Calvin Poree in the sum of $300.00, with interest from judicial demand; all costs to be paid by defendants.
Affirmed in part, reversed in part.