SAMUEL, Judge.
This suit, based on a written one-year lease of business premises in the City of New Orleans, was filed by the lessor against the lessee after the end of the lease term and after the lessee had left the premises. Prior to trial the original defendant died and his widow and children were substituted as defendants.
The petition seeks the sum of $407.38. It alleges the leased building was damaged and/or repairs and cleaning thereof made necessary as a direct result of the defendant’s actions in that “ * * * upon the termination of said lease, the defendant abandoned the premises leaving it in a damaged condition and full of trash and further retained the keys to said premises, thereby retaining possession * * * as evidenced by * * * ” a letter and three exhibits attached to the petition. Damages are itemized as follows:
“New Orleans Building Maintenance, Inc. $ 85.00
Gulf Electric, Inc. 135.00
Plumber 41.78
Rental 145.60
TOTAL $407.38.”
The only evidence received by the trial court was: (1) the testimony of three witnesses, the plaintiff himself, the original defendant’s son who managed the business, and defendant’s attorney; and (2) two documents, the lease and a demand letter from plaintiff’s attorney to the original defendant.
During trial plaintiff sought to place in evidence three written documents (the three exhibits attached to the petition), two of which are on stationery bearing, respectively, the names of the concerns mentioned in the first two above quoted items and the third of which is on stationery bearing the name “Joe Sebro Plumbing and Heating”, all allegedly bids to do the work for which recovery is sought in the first three items. The defense made timely objection to these offers and the trial court ruled the bids inadmissible. They appear in the record only as part of a plaintiff proffer.
We agree with the trial court ruling of inadmissibility. The first two bids were addressed to counsel for the plaintiff. The third was addressed to the wife of the plaintiff. Plaintiff sought to introduce them only in connection with his own testimony. The makers of the bids were not present at the trial, they could not be cross-examined and there was no attempt to prove their qualifications or competency to make the bids. Under these circumstances the bids, quite clearly, were inadmissible. Ching v. Hotz, La.App., 204 So.2d 73; Rocquin v. Simmons, La.App., 187 So.2d 472; Creel v. Audubon Insurance Company, La.App., 128 So.2d 284; Defiore v. Zar, La.App., 106 So.2d 126; Stewart Bros. Cotton Co. v. Dufilho, 16 La.App. 148, 133 So. 521.
While plaintiff’s testimony relative to the damages of which he complains in the first three items, i. e., the cost of removing trash from the building and raking out and broom-sweeping the first and second floors thereof, the cost of renewing fluorescent fixtures and related electrical work, and the cost of certain plumbing, is unsatisfactory and contradicted by the testimony of the original defendant’s son, we find it unnecessary to discuss this feature of the case. For plaintiff made no attempt to prove the extent of the alleged damages beyond the offer of the bids just discussed. It is incumbent upon a plaintiff to prove the amount of his damages with legal certainty and in this case, as to the first three items, he has failed to do so; he has failed to offer any competent evidence as to the amount of those alleged damages. We agree with the trial -court finding that he cannot recover the first three items or any part thereof.
We also approve of the trial court’s denial of recovery of the “rental” item. *406 As developed by the testimony and the letter written by counsel for plaintiff to the original defendant, this last item has reference to a claim for liquidated damages resulting from an alleged non-surrender of the premises for a period of seven days. The claim is based upon the fact that plaintiff did not receive the keys for the premises until seven days after the expiration of the lease term.
The lease provides that at its expiration or termination the lessee is obligated to immediately surrender possession and should he fail to do so he consents to pay any and all damages, “ * * * but in no case less than five times the rent per day, * * * ” The lease also provides that at its termination the lessee is obligated to return the premises by actual delivery of the keys to the lessor or his agent.
The record establishes that plaintiff lived in Covington, Louisiana, a considerable distance from New Orleans where the leased building was located. Several months before the end of the lease term the original defendant, through his attorney, contacted the plaintiff for the purpose of seeking a cancellation of the lease for the last» three months of the term because the defendant had found a new location and no longer had any use for plaintiff’s building. Plaintiff did not agree to such a cancellation. But during those discussions he was told he could obtain the keys to the building from defendant’s new place of business, to which defendant moved before the expiration of the lease, at any time after the expiration of the lease term. Rent for the disputed three months was paid in full and the keys were available to the plaintiff as he had been informed they would be. There is no evidence even tending to show plaintiff had any objection to this arrangement or that plaintiff made demand for return of the keys in any other manner. Plaintiff did pick up the keys, apparently without difficulty, seven days after the lease term had expired. Under these circumstances we do not find that the lessee violated his obligations to surrender possession and to return the keys timely.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.