CHASEZ, Judge.
This is a suit by George Elum and his collision insurer, Underwriters at Lloyds, London, (hereafter Lloyds) for property damages to his 1967 Cadillac limousine in the amount of $427.21. Lloyds paid $327.21 to Elum and was subrogated for that amount; George Elum paid the $100.00 deductible and is suing for that amount. The facts are that on January 13, 1967, George Elum was driving his limousine in a funeral procession heading toward Lake Pontchartrain on the Pontchartrain Expressway. As the procession was descending from the expressway at the Tulane Avenue exit, Elum’s limousine stopped and was struck from the rear by the hearse which belonged to the Dorothy Lawless Mortuary and was being driven by Mack Rigelton, all defendants herein.
After a trial on the merits the plaintiffs were awarded $427.21 and the defendants appealed.
Appellant has assigned as error the trial court’s finding that the defendant’s negligence was the cause of the accident. His argument is that the plaintiff’s vehicle stopped suddenly and without any warning; that Rigelton, the driver of defendant’s vehicle, could not anticipate such action on the part of Elum and, therefore, his actions in striking the rear of the Elum vehicle should not constitute negligence. ■ In support of his argument he cites Nomey v. Great American Indemnity Company, La.App., 121 So.2d 763. In that case the court held that the defendant in bringing his automobile to a sudden stop in the main traveled portion of a highway without warning, without signal and- without regard to the rights of following vehicles, was guilty of gross negligence which was the proximate cause of the collision. The accident occurred on the open highway and there was no necessity for the following driver to anticipate that the defendant would perform a negligent act. However, this factual situation is not similar to the case at bar. In the" instant case both vehicles were participants in the funeral procession; the procession descended from the expressway onto the ramp at a speed of about 10 to IS miles per hour. The testimony of the witnesses indicates that as the cars in the procession were descending the ramp it became necessary for the car ahead of the plaintiff’s vehicle to stop. Plaintiff saw this and came to a controlled, deliberate stop some six feet behind the lead vehicle.
This testimony was corroborated by that of the witness Theodore Broder. The hearse immediately behind plaintiff’s vehicle did not stop but struck the plaintiff’s vehicle in the rear. Under the existing traffic conditions, the proximity of the vehicles in the procession and the speeds of the vehicles involved, it is obvious that the defendant should have had his vehicle under control, should have anticipated that plaintiff might have to stop on the descending ramp of the expressway, should have seen that he did stop and *584 should have avoided striking him, all of which actions amount to negligence which we hold was the sole proximate cause of the accident.
Appellant further argues in his brief to this court that the amount of damages was speculative because there was no proof that they were caused by the accident under consideration and that the estimate establishing the amount of damages was not admissible in evidence under the rule announced in Simkin v. Vinci, La.App., 215 So.2d 404 (4th Cir. 1968), because it was made by a third party who was not called to testify and was, therefore, not subject to cross-examination. The estimate was timely objected to at the trial and the objection sustained by the court. However, the parties entered into a stipulation at the trial that the repairs were made by Pontchartrain Motor Company and that the repairs were for $427.21. This court fails to see the significance of appellant’s argument. The estimate was not admitted into evidence. The stipulation of the parties is not ex-eluded by the rule in the Simkin case. Counsel for appellant further stipulated that the insurer paid $327.21 and was sub-rogated for that amount and that appellee paid the difference of $100.00 to Pontchartrain Motor Company. Under these circumstances the amount of damages can hardly be said to be speculative.
As to whether the damages to the limousine were caused by the accident in question, this court is of the opinion that they were. The uncontradicted testimony of the plaintiff was that he received the car in early January; the accident occurred on January 13, 1967; that he had the limousine only a short time; and that there were definitely no damages to the automobile prior to the accident under discussion. This evidence stands unrefuted in the record as no attempt was made to contradict it.
The trial judge obviously believed it and is far better able to determine the credibility of the witnesses and the involved parties than is this court. Following the maxim that absent any manifest error, the court a quo’s finding of fact should not be disturbed, this court will not alter the judgment of the court in this respect.
The amount paid to Pontchartrain Motor Company by plaintiffs Elum and his insurer for making the repairs was $427.21. Therefore the trial court was completely justified in awarding plaintiffs $427.21 with legal interest from date of judicial demand and for all costs and we affirm this award. Costs of appeal are to be paid by defendant-appellant.
Affirmed.