PICKETT, Judge.
This is a suit for damages resulting from an automobile accident which occurred January 19, 1966, in the 2800 block of Mohican Street, in the City of Baton Rouge, Louisiana, when a 1950 Chevrolet pickup truck, owned and driven by Jerome Achord struck the rear of a 1957 Chevrolet automobile, owned by Donald L. Bennett and being driven by Camilla B. Dugas. The district court found the defendant was liable, and rendered judgment in favor of the plaintiff and against the defendant for the sum of $665.00, with legal interest from judicial demand and all costs. The defendant has appealed. The plaintiff has answered the appeal.
The evidence shows that at about 1:30 P.M. on January 19, 1966, a 1957 Chevrolet automobile, owned by Donald L. Bennett, was being driven in an easterly direction along Mohican Street by the plaintiff, Miss Camilla B. Dugas. When she reached a point approximately 170 feet west of its intersection with Topeka Street, the vehicle stalled in the right traffic lane. Mohican Street is a hard surfaced four lane street. Mr. Achord admitted that he was traveling about thirty miles per hour when he saw the stalled Bennett vehicle about fifty feet away. Mr. Achord said it was raining so hard at that time, the windshield wipers would hardly carry off the water, and his visibility was greatly impaired. He, also, testified that when he saw the stalled Bennett vehicle, he applied his brakes and tried to turn into an open field to his right, but that the pavement was so slippery that he skidded into Mr. Bennett’s automobile, and struck it on the right fender with such force that the Bennett automobile traveled about fifty feet easterly. Miss Dugas testified that when the vehicle stalled, she turned her lights on immediately, and attempted to start her motor. She had only been stopped a few seconds when the car was struck in the rear.
The evidence shows conclusively that Mr. Achord was traveling thirty miles per hour in a heavy downpour of rain that limited his visibility to some fifty feet. The jurisprudence of this state is well established that a motorist does not have *763 the right to assume that his course of travel is free of obstructions, and that he must at all times keep his vehicle under such control that he can stop within the range of his vision. In Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451, the Supreme Court held:
“The law governing the operation of motor vehicles generally is well stated in F. Strauss and Son, Inc., v. Childers, La.App., 147 So. 536, 538 (quoted with approval in Culpepper v. Leonard Truck Lines, Inc., 208 La. 1084, 24 So.2d 148), as follows: ‘ * * * A motorist has not the right to assume that his course of travel is free of danger or obstruction, in the absence of his ability to see clearly ahead. If he does so assume and continues to travel as though he knew there was perfect clearance ahead, he does so at his own risk and peril.’ See also Ledet v. Gottleber, La.App., 143 So. 71; Hobbs v. Employers’ Liability Assurance Corporation, La. App., 188 So. 191 and Odom v. Long, La.App., 26 So.2d 709.
“(1) With reference to the particular circumstances which prevailed here the jurisprudence of this state is that: ‘ * * when visibility is materially impaired because of smoke, mist, dust, etc., a motorist should reduce his rate of speed to such extent and keep his car under such control as to reduce to a minimum the possibility of accident from collision; and as an extreme measure of safety, it is his duty, when visibility ahead is not possible or greatly obscured, to stop his car and remain at a standstill until conditions warrant going forward. * * * ’ ”
We agree with the trial judge, who in his written reasons for judgment, said:
“A driver of a motor vehicle is charged with the responsibility of being able to stop his car under adverse weather conditions within the range of his visibility. Due to the conditions existing at the time and the inability of the driver to see more than fifty feet, his speed of thirty miles an hour constituted negligence and the proximate cause of the accident, The situation herein could have been no different than if there had been a line of cars momentarily stopped for a traffic light or any other brief delay.”
The defendant has charged the plaintiff with contributory negligence because of her failure to abide by the provisions of LSA-R.S. 32:141. But we have no difficulty in agreeing with the trial judge that she was not contributorily negligent. A careful examination of the evidence fails to show any negligence on her part, because she had only been momentarily stopped prior to the accident.
Having concluded the plaintiff was in no way negligent, and that the negligence of the defendant, Jerome Achord, was the proximate cause of the accident, we now turn our consideration to the subject of damages. The plaintiff contends the award of $600.00 for her personal injuries is manifestly inadequate. The evidence discloses that Miss Dugas sustained a “whiplash of the spine,” from which she fully recovered in eight weeks, without any residual. At the time Miss Dugas sustained her injuries, she was employed by Morgan and Lindsey. She returned to her former employment at the end of three weeks. We believe the trial court was justified in concluding that her injuries were not substantial. We, also, agree with the trial court that the testimony was insufficient to support a finding for any loss of wages by the plaintiff. The trial court had the benefit of observing the plaintiff; and the benefit of observing Dr. Moody. The trial judge concluded that under the circumstances an award of $600.00 should be sufficient to compensate the plaintiff for her injuries. The award is neither excessive nor inadequate. The award of $65.00 for plaintiff’s treatment by Dr. Moody is supported by the evidence; and the expert witness fee for Dr. Moody is justified.
*764 We find no reversible error. The judgment from which this appeal was taken is affirmed. Appellant to pay all costs.
Affirmed.