PICKETT, Judge.
This is a companion case to Dugas v. Achord, La.App., 238 So.2d 761, and for the reasons therein assigned, defendant, Jerome Achord, should respond in damages for whatever loss of property the plaintiff sustained.
The trial court analyzed the evidence relating to the extent of damages to the plaintiff’s automobile; and concisely and clearly stated it as follows:
“The Court was not satisfied with the testimony offered concerning the damages to the 1957 Chevrolet automobile claimed by Mr. Bennett. His demand was for $369.11, represented by an estimate of damages in that amount. Two estimates (B-l and B-2) were produced by the plaintiff, but no one testified who had made the estimate in either case. The plaintiff then furnished three witnesses who testified that a 1957 Chevrolet at the time of the accident was worth between $350.00 and $600.00 depending upon its condition. Obviously the value of the car at the time of the accident was very near the cost of the estimated repairs, which, as stated before, were not substantiated. It is interesting to note that the plaintiff Bennett said he had bought the automobile a few months before the accident for $600.00 and sold it about six months later for $65.00. That the car in fact had a value at the time of the collision and sustained substantial damage, there can be no doubt. *765 Admittedly the proof herein was somewhat sketchy, but the Court is convinced that a fair evaluation of the evidence before the Court indicates the car had a value in 1966 of approximately $350.00, being somewhat less that the cost of repairs. Since the plaintiff sold the car a short time later for $65.00, a reasonable conclusion is that the salvage value after the accident would have been approximately that amount, . Consequently, the Court is of the belief that plaintiff Bennett’s damages should be set at $285.00.”
A careful examination of all the evidence relative to the damages to plaintiff’s automobile convinces us that the trial court was justified in finding that the automobile was not worth what it would cost to repair it. Since the plaintiff did not actually make the repairs the proper award is the difference between the value of the car on the date of the accident and its salvage value. We do not find that the finding of the trial court that the car had a value of $350.00 prior to the accident is manifestly erroneous. The plaintiff actually sold the car for $65.00 a short time after the accident. Therefore, we conclude the plaintiff’s vehicle was worth $350.00 prior to the accident and had a salvage of $65.00, which entitled the plaintiff to a judgment against the defendant for $285.00. In Laville v. Hartford Accident and Indemnity Company, 178 So.2d 464, this court said:
“Where a vehicle is obviously totally destroyed or so badly damaged the cost of repair exceeds its value, the loss to the owner is determined by ascertaining the value of the vehicle on the date of the accident less its salvage value, if any. Greenberg v. New Orleans Public Service, La.App., 74 So.2d 771.”
Finding no manifest error in the judgment appealed, it is affirmed, at defendant’s cost.
Affirmed.