HOOD, Judge.
Ray Ardoin, suing individually and in behalf of his minor daughter, claims damages for personal injuries sustained by his daughter when the automobile in which she was riding was struck in the rear by a car being driven by Gene J. McComb. The defendant is Allstate Insurance Company, the insurer of the McComb automobile. Judgment was rendered by the trial court in favor of plaintiff individually for $47.50, and in his favor for the use and benefit of his minor child for $4500.00. Defendant has appealed.
The sole issue is whether the award of general damages made in behalf of plaintiff’s daughter is excessive and should be reduced.
The accident occurred on a city street in Lake Charles, Louisiana, about 10:45 P.M. on January 11, 1969. Plaintiff’s daughter, Diana Ardoin, who was then 15 years of age, was riding as a passenger in the front seat of an automobile being driven by James Dupuis. While the Dupuis automobile was either stopped or was traveling very slowly, it was struck in the rear by an automobile being driven by Gene J. Mc-Comb.
Miss Ardoin did not complain of any injuries immediately after the collision occurred. She began to feel a stiffness in her neck shortly thereafter, however, and it commenced to pain her enough by 2:00 or 3:00 o’clock the following morning that she asked her parents to rub her back and neck, and to apply a heating pad. She went to her family physician, Dr. G. E. Barham, two days later, and was treated by him intermittently for these injuries during the next five or six months.
Dr. Barham, a general practitioner, had treated Miss Ardoin on prior occasions for nervousness and for “rapid heart or heart flutter or paroxysmal or tachycardia.” When he first examined her following this accident, Dr. Barham found a mild spasm on the right side of her neck, and concluded that she had a “mild to moderate” neck strain. He administered treatment consisting of some medication and ultrasonic treatments. He treated her a total of five times from January 13 until March 6, 1969, a period of six or seven weeks, and then he examined her again about three and one-half months later, on June 26, 1969. He felt that Miss Ardoin had suffered no significant pain during that three and one-half month period, and he discharged her on June 26, 1969, as being fully recovered with no disability.
*86 Miss Ardoin returned to Dr. Barham on September 13, 1969, for treatment for a cold and asthmatic bronchitis, neither of which had any connection with the accident, and she made no complaints then as to her neck injury. She also saw the same doctor on December 22, 1969, almost a year after the accident occurred, complaining of pain in her back. That was the first complaint she had ever made relating to that part of her body. Dr. Barham did not think her back complaints were of any significance, but he nevertheless administered a mild drug to relieve muscle pain. Miss Ardoin has never sought any further medical treatment relating to her back, although she later was treated by Dr. Bar-ham for another condition not related to the accident. Her back symptoms apparently disappeared shortly after she first mentioned them to her doctor. We are convinced that she sustained no injury to her back as a result of the above mentioned accident.
Dr. Norman P. Morin, an orthopaedic surgeon, examined plaintiff’s daughter on January 30, 1970. He found mild muscle spasm in the neck, but in all other respects his examination was essentially negative. He concluded that her complaints were justifiable on the basis of the “mild residuals of the cervical myofascial strain which she had sustained January 11, 1969.” He felt that she would recover completely with no residual disability within two or three months from the time he examined her.
Miss Ardoin was a high school student when this accident occurred, although she later dropped out of high school for reasons not connected with the accident, and she plans to attend nursing school. She missed two days of school following the accident, and she testified that because of her injuries she was not able to participate in some of the more strenuous activities in her physical education courses at school. Other than that, the accident has not interfered with her school work or social activities. She testified that she suffered pain regularly during the first three or four weeks, but after that period of time elapsed her neck pain “reoccurs when I’m nervous or on a tight strain.” She was unable to testify as to how often these episodes have occurred. She said that when they did occur, she would lie down for a while and take aspirins, and the pain then would disappear within a couple of hours.
The evidence shows that Miss Ardoin was never hospitalized, she was never placed in traction, and she did not have to wear a neck brace. The medical evidence which is most favorable to her indicates that she fully recovered from all of her injuries within thirteen or fourteen months after the accident occurred.
Much discretion is left to the trial judge or jury in fixing the amount of general damages which should be awarded for personal injuries in tort cases. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). The function of the appellate court in reviewing such an award is to determine whether it is manifestly excessive or manifestly insufficient under all of the circumstances of the case. In determining the reasonableness of such awards, the appellate court should consider the amounts of awards made in other cases, insofar as they are relevant to the question of whether the judge or jury has abused its discretion in fixing the award in the case under consideration. Gaspard v. LeMaire, supra.
We have reviewed the judgment appealed from with the above rules in mind, and have concluded that the award of $4500.00 made to plaintiff, in behalf of his minor daughter, is manifestly excessive, and is out of proportion with previous awards made for somewhat similar injuries. We feel that the award should be reduced to the sum of $2,000.00. See Marcantel v. Aetna Casualty and Surety Company, 219 So.2d 180 (La.App. 3 Cir. 1969); Trosclair v. Higgins, 216 So.2d 558 (La. *87 App. 4 Cir. 1968); Greene v. Allstate Insurance Company, 228 So.2d 151 (La.App. 2 Cir. 1969); Jennings v. Allstate Insurance Company, 241 So.2d 778 (La.App. 3 Cir. 1970), and Shephard v. Checker Cab Company, 230 So.2d 343 (La.App. 4 Cir. 1970).
For the reasons herein set out, the judgment appealed from is amended by reducing the award made to plaintiff, in behalf of his minor daughter, Diana Ardoin, from the sum of $4500.00 to the sum of $2,000.-00. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellees.
Amended and affirmed.