ELLIS, Judge:
Plaintiff Shirley Cotton was injured in an automobile accident on February 21, 1969, caused by the fault of defendant Gerald P. Needham, whose liability is conceded in this court. Defendant has appealed from the judgment against him, complaining that the award of $789.30 is excessive.
The trial judge awarded plaintiff $500.00 for her personal injuries. Plaintiff complained of a “terrific” headache and neck pain after the accident. She was seen once by her doctor, who diagnosed a mild cervical strain and prescribed analgesics and muscle relaxants. X-rays of plaintiff’s neck proved to be negative. Her total medical expenses were $39.30. Plaintiff testified that she improved steadily and was entirely recovered in three weeks. We find the award of $500.00 made by the trial judge to be within the limits of his discretion in such matters.
Plaintiff was driving a 1960 Dodge, which she had purchased for $595.00 about one and one half years before the accident. The expert mechanic who testified said that the labor alone to repair it would amount to that much, and estimated its salvage value at $100.00. There was no testimony as to the value of the car at the time of the accident.
In cases in which it is obvious that the cost of repair exceeds the value of the automobile, the proper measure of damages is the difference between its salvage value and its value at the time of the accident. Bennett v. Achord, 238 So.2d 764 (La.App. 1 Cir. 1970). It is also true that when it is clear that a party has suffered damages but is unable to establish them with legal certainty, the courts have discretion to fix the amounts thereof. Germann v. 557 Tire Co., 167 La. 578, 120 So. 13 (1928). Gureasko v. Polders, 111 So.2d 580 (La.App. 1 Cir. 1959).
However, the latter rule has no application when the damages sought are easily proven, but such proof is simply not forthcoming. The plaintiff bears the burden of proving her claim, and, in this case, has failed to do so with respect to the damages to her automobile.
The judgment appealed from is therefore reduced to $539.30, and, as amended, it is affirmed, with costs of the appeal to be equally shared by both parties.
Amended and affirmed.