REDMANN, Judge.
Defendant Rigelton, driving a hearse in his employment by defendant Lawless in a funeral procession, rear-ended a limousine in which plaintiffs Browder and Mrs. Burnes were passengers. From judgments against Rigelton and Lawless for damages from personal injuries to the passengers, those defendants appeal. Browder answers the appeal, seeking increase in quantum.
The defendant driver admitted he had taken his eye off the limousine and glanced to the side as the procession neared an entrance to the expressway it was on. When he again looked ahead, the limousine had stopped and it was too late to avoid collision. Appellants are liable; Underwriters at Lloyds v. Dorothy Lawless Mort., 231 So.2d 582 (La.App.1970).
Mrs. Burnes’s physician found a moderate neck sprain, moderate limitation of motion in four directions and tenderness. Pain was controlled by muscle relaxant, analgesic and tranquilizer. She was discharged within two and a half months. The general award of $1,500 is not excessive but within the trial court’s discretion; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). The husband’s $382 special damages were adequately proven.
Browder had a pre-existing arthritic condition noted from X-rays. Neck pains resulting from the accident were reasonably proven by evidence of then muscle spasm. While pains recurred for at least two years, objective evidence such as muscle spasm was not noted. One treating physician thought it likely the accident had activated the arthritis and was responsible for all Browder’s pain, although the pain might have occurred even without the accident. As early as March 1, 1967 (47 days after the accident) Browder reported himself free of pain though still stiff in the neck. Often thereafter he is reported on his doctor’s visit notes as “feeling much better” or “feeling fine”, though with greater frequency he complains of pain. He missed work through the first 18 work-days in March. The trial judge concluded his injuries had largely subsided within three months of the accident, and awarded only $2,000 general damages. Browder asks an increase to $7,000. While the awarded amount may be thought low, we cannot hold it so inadequate as to constitute a manifest abuse of the trial court’s much discretion under C.C. art. 1934(3); Lomenick, supra.
The judgments are affirmed.