LOTTINGER, Judge.
This is a suit that arises out of an automobile accident which occurred on June 6, 1969 approximately two and one-half miles north of Independence, Louisiana on Highway 51. The defendants-appellants admitted liability in the case which was tried solely on the issue of quantum. An automobile driven by Carolyn Badon Dickson was side-swiped by a truck driven by the defendant-appellant, James Conaly, Jr., causing the plaintiff’s vehicle to go out of control and overturn in a ditch on the side of the road. Besides the plaintiff, Carolyn Badon Dickson, there were two passengers in her automobile, her 13 year old brother, Douglas Badon, and her one year old daughter, Mary Dickson.
Carolyn Badon Dickson brought suit for her personal injuries, while her husband, Michael Dickson, brought suit for injuries allegedly sustained by the one year old daughter, as well as for medical expenses incurred on behalf of his wife and child. Mrs. Esther Pierce Badon, mother of Douglas Badon, brought suit for her son’s personal injuries and medical expenses. Carolyn Badon Dickson was awarded $2,500.00 for her personal injuries; Michael Dickson was awarded for the use and benefit of his daughter, the sum of $300.00 for her personal injuries; Michael Dickson was also awarded the sum of $574.25 for special damages incurred by Carolyn Badon Dickson; Mrs. Esther Pierce Badon was awarded the sum of $4,000.00 for the use and benefit of her 13 year old son, and was also awarded the sum of $311.17 for medical expenses incurred. It is from these judgments that the defendants-appellants have perfected this appeal.
The law and jurisprudence of this state is very clear in that an appellate court may and should consider previous awards in similar cases in order to determine whether the award by the Trial Court constitutes an abuse of the discretion permitted the Trial Judge. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Tubbs v. Allstate Insurance Company, La.App., 238 So.2d 395; Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64; Goudeau v. Texas Gas Transmission Corporation, La.App., 225 So.2d 679. We shall now proceed to discuss and analyze separately the injuries received by each of the three victims in the automobile accident.
The attending and treating physician diagnosed the injuries received by Douglas Badon as “contusion of the left forehead, slight muscular strain of the right neck.” On the initial examination the doctor found that Douglas Badon had “contusions of the left forehead and suffered slight abrasions of the forehead, and he was *352 also complaining of pain over the posterior lateral neck. On physicial examination I observed a 4-inch superficial abrasion over the left forehead, examination of the neck showed there was full range of motion. External examination showed no abnormality. The rest of the examination was normal.” X-rays were taken of both the skull and cervical spine, and were interpreted as being normal. The day following the accident the doctor examined Douglas Badon in his office and found muscular tightness and posterior strapped muscles of the neck. The doctor’s impression at this time was that Douglas Badon had received a moderate whiplash type of injury.
Heat and muscle relaxers were prescribed, as well as a neck collar, which he wore twice a day, for two hour intervals until August 8, 1969. On July 19, 1969, Douglas Badon was referred by his doctor to a physical therapist, and received 16 physiotherapy treatments from July 21, 1969 through August 8, 1969. On the latter date he returned to the doctor who found that his neck was much improved and recommended discontinuance of physical therapy. On August 20, 1969, the attending physician found that he had completely recovered and discharged him. The doctor testified that as of August 20, 1969, this 13 year old boy was in the same condition physically as he had been prior to- the accident.
Neither the injured boy nor the attending physician testified. The testimony of the treating doctor was introduced by deposition, therefore the Trial Judge was in no better position to evaluate the injuries and assess the damages than this Court is.
In Browder v. Lawless, 252 So.2d 355 (La.App. 4th Cir. 1971) the Court awarded the sum of $1,500.00 for personal injuries for a woman who suffered a moderate neck sprain, moderate limitation of motion in four directions, whereby pain was controlled by muscle relaxants, analgesic and tranquilizers. She was discharged within two and one-half months.
In Ardoin v. McComb, La.App., 251 So.2d 84, the plaintiff suffered a mild to moderate neck strain. Ultrasonic treatments on five occasions over a six to seven week period were applied. Five months after the accident she was discharged as fully recovered. A $4,500.00 award was reduced to $2,000.00.
There are many cases in the above general area, and rather than burden this opinion with enumerable decisions of the appellate courts of this state, we conclude that the Trial Judge was in error, and the award for personal injuries suffered by Douglas Badon will be and it is hereby reduced to $2,000.00.
Mrs. Carolyn Badon Dickson was awarded $2,500.00 for injuries received in the accident. She was seen in the emergency room of the hospital by the same attending physician who treated Douglas Badon. His diagnosis was “hematoma of the scalp, secondary to blood trauma, and contusion of the left hip”. He found a slight soreness to deep pressure over the hip. X-rays were normal. Four days after the accident she complained of a headache and still some soreness in her left hip and back, at which time she was advised to use heat on her hip. She was seen a total of eight times by the doctor and 22 days after the accident she was discharged.
There is a contention by Mrs. Dickson that she has suffered some eye trouble as a result of the accident. She was found to be farsighted by an optometrist, and he prescribed glasses for her. He testified that it was “possible” that this could have been brought on by trauma, but he could not and did not express any opinion that it was. The last time Mrs. Dickson had been examined for glasses was some five or six years prior to the accident. We do not find that she has proved any causal connection between the accident and her farsightedness.
In Cotton v. Needham, 253 So.2d 674 (1st Cir. 1971) this Court affirmed an award of $500.00 to a plaintiff who complained of headache and neck pain, which her doctor diagnosed as a mild cervical strain. She was entirely recovered in three weeks. Again we find that the Trial Judge has *353 abused his discretion in making this award to Mrs. Dickson, and are therefore compelled to reduce same to the sum of $750.00.
The one year old child, Mary Dickson, received a bump on her head which had resolved three days after the accident according to the attending physician. No treatment was prescribed for the child. The Trial Judge made an award of $300.00 for injuries received by this infant, and we are certain that the occasion of a serious automobile accident as well as the bump on her head was more than enough to truly frighten this young child. We cannot see where the Lower Court abused its discretion here.
The awards made for special damages were more than justified, and were not contested by appellant in his brief on appeal.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is amended as above indicated, and as amended affirmed.
Judgment amended and affirmed.